USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/9/2021

**Patterson Belknap Webb & Tyler**

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

November 8, 2021

Gregory L. Diskant
(212) 336-2710
gldiskant@pbwt.com

**By Fax**

Judge Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        Re:    *Civil Rights Corps, et al. v. Georgia Pestana, et al.*, **21-cv-09128-VM**

Dear Judge Marrero:

    Plaintiffs write to request the Court unseal the seven exhibits Plaintiffs filed under seal with their Complaint. The exhibits consist of correspondence between the parties in the months preceding this action. There is nothing remotely confidential about any of the correspondence. Nonetheless, because certain Defendants asserted that the correspondence was confidential and that it would be illegal for Plaintiffs to publish it, Plaintiffs requested permission to file these exhibits under seal. Judge Schofield granted this request on October 28, 2021 and ordered Plaintiffs to file a motion for unsealing by November 12, 2021. Although we have not yet been able to confer with Defendants, who have not yet submitted notices of appearances, we submit this letter-brief in accordance with your Honor's individual practices and Judge Schofield's order. We will serve it on Defendants together with the summons and Complaint. Because this letter-motion concerns documents that should be public under the First Amendment and that form an integral part of this lawsuit, we ask the Court to treat this request as exigent and to decide it on an expedited basis.

    Plaintiffs—Civil Rights Corps and six New-York-based Law Professors—initiated this civil rights action after Defendants' infringed on their First Amendment right to speak and advocate freely on the issue of prosecutorial misconduct in New York. The Law Professors prepared and filed complaints with the appropriate New York grievance committees addressing ethical violations by present and former Assistant District Attorneys in Queens County. These thoroughly researched complaints were based entirely on the public record, primarily judicial findings of prosecutorial wrongdoing. After the complaints were filed, the Law Professors published their complaints as part of a campaign to encourage systemic reforms.

    As detailed in Plaintiffs' Complaint, despite the fact that such political speech is clearly protected by the First Amendment, Defendant Corporation Counsel of the City of New York ("Corporation Counsel") sent a letter on behalf of the City of New York and the Office of the Queens District Attorney to the State of New York Grievance Committee for the Ninth Judicial

November 8, 2021
Page 2

District, copying the Law Professors. The letter attacked the Law Professors for engaging in a public campaign to reform the grievance process and asserted that they violated New York Judiciary Law § 90(10) by publishing their complaints of prosecutorial misconduct. The Corporation Counsel also asserted that the letter itself and any further correspondence was confidential under the Judiciary Law, and could not be disclosed by the Law Professors. Other letters followed, which Corporation Counsel and the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts also insisted were confidential.

There are three core reasons why the Court should unseal these exhibits. First, the exhibits at issue in this motion are judicial records central to the litigation and the public should have access to them to properly understand the issues and rights at stake. This is true as a matter of common law and under the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). The exhibits are plainly "judicial document[s]" that "play a central role in determining litigants' substantive rights." *Mirlis v. Greer*, 952 F.3d 51, 59-60 (2d Cir. 2020). "The general and deeply rooted rule is that the presumptive right of access is afforded strong weight when applied to documents" *Id.; see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). In these circumstances, the exhibits can be kept sealed only upon "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). As discussed further below, there are no legitimate interests in secrecy here. Without more, the exhibits' status as judicial records mandates that they be unsealed.

Second, the only basis cited by Defendants for secrecy is Judiciary Law § 90(10), but properly construed that statute has no relevance here. Judiciary Law § 90(10) states, "all papers, records and documents . . . upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential." As even a cursory review of the letters indicates, none relates to the conduct or discipline of any of the attorneys who were the subject of the Law Professors' complaints. The attorneys' conduct is not even mentioned and the Corporation Counsel takes no position on whether discipline is warranted. Instead, the exhibits are entirely concerned with the grievance process generally and the propriety of the Law Professors' campaign to reform the process. As a consequence, they are utterly unrelated to the purpose of the confidentiality provision of section 90(10)—protecting the privacy rights of complainants and accused attorneys. *See, e.g.*, *In re Aretakis*, 16 A.D.3d 899, 900 (3d Dep't 2005); *In re Rodeman*, 65 A.D.3d 350, 352 (4th Dep't 2009). Obviously, since the complainants themselves are the Law Professors, who are seeking to makes the letters public, the letters need not be kept confidential to safeguard any information about the complainants. Moreover, the letters contain zero information about the substance of any of the complaints against the accused attorneys. Indeed, to the extent that allegations of misconduct may harm the reputations of these prosecutors, that harm has already occurred since the Law Professors' complaints all come from the public record. *See Aretakis*, 16 A.D.3d at 901 (where information has already been made public, it no longer requires protection under Judiciary Law § 90(10)).

November 8, 2021
Page 3

Third, to the extent New York's Judiciary Law § 90(10) can be interpreted to make letters like these confidential, the law is overbroad and violates the First Amendment. If section 90(10) requires any paper, record, or document to or from a grievance committee that has any relation whatsoever to the grievance process in New York to be confidential, it would be unconstitutionally overbroad. The right to free speech is not absolute, but legislation that acts as a prior restraint or penalizes the publication of truthful information can seldom satisfy constitutional standards, and "requires the highest form of state interest to sustain its validity." *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 102 (1979). The burden of showing the existence of such a compelling interest rests squarely with the government. *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 786 (1978). Even if the government can show that the challenged regulation's purpose is legitimate and substantial, it still must show that its purpose cannot be achieved by more narrowly tailored means. *Shelton v. Tucker*, 364 U.S. 479, 488 (1960). It cannot do so here.

Indeed, courts in other jurisdictions have consistently found that overbroad confidentiality rules for attorney disciplinary processes violate the First Amendment. *See Doe v. Supreme Court of Fla.*, 734 F. Supp. 981, 988 (S.D. Fla. 1990); *In re Petition of Brooks*, 678 A.2d 140, 143-46 (N.H. 1996); *R.M. v. Supreme Court*, 883 A.2d 369, 377-82 (N.J. 2005); *In re Warner*, 21 So. 3d 218, 262 (La. 2009). Similarly, the U.S. Supreme Court has held unconstitutional a state law that punished the disclosure of information about judicial ethics proceedings, finding "that injury to official reputation is an insufficient reason for repressing speech that would otherwise be free." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 842-43 (1978). The same principle applies here. There is no conceivable principle that would permit the State to bar the Law Professors from publishing routine correspondence sent to, and received from, government officials about matters of public importance.

We ask the Court to treat this letter-brief as a motion and to rule on this basis. The exhibits are judicial records and should be public for that reason alone. They do not fall within the ambit of Judiciary Law § 90(10), and so there is no reason to keep them secret. And in any event, they cannot be kept secret consistent with the freedom accorded speech about matters of public importance under the First Amendment. For these reasons, the Court should unseal the documents filed by Plaintiffs under seal with their Complaint.

> Defendants are directed to respond within three days of service, by letter not to exceed three pages, to the matter set forth above by Plaintiffs.
>
> SO ORDERED.
> 11/9/2021  /s/ Victor Marrero, U.S.D.J.

Very truly yours,

/s/ Gregory L. Diskant

Gregory L. Diskant