**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

December 14, 2021

Gregory L. Diskant
(212) 336-2710
gldiskant@pbwt.com

**BY ECF**

The Honorable Victor Marrero
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

           Re:    *Civil Rights Corps, et al. v. Pestana, et al.*, **21-CV-9128 (VM)**

Dear Judge Marrero:

      This firm represents the Plaintiffs in the above-captioned case. We write in response to the letter submitted on behalf of the City Defendants by the City of New York Law Department on December 13, 2021 (Dkt. No. 30). The City Defendants make two requests. First, they seek an extension until January 14, 2022 to respond to both Plaintiffs' complaint and Plaintiffs' letter-motion to unseal the exhibits to the complaint. Plaintiffs consent to this request, which the Court has granted to the State Defendants, only on the condition that it is the City Defendants' final request for an extension. That is the basis on which Your Honor approved the request of the State Defendants.

      Second, the City Defendants seek an extension of their time to respond to Plaintiffs' letter of December 10 (Dkt. No. 29), regarding our proposed motion for partial summary judgment. They wish to delay responding to our three-page letter until after the briefing and resolution of the City Defendants' proposed motion to dismiss. Plaintiffs do not consent to delay the exchange of letters on the proposed summary judgment motion for many months until after the City Defendants file a proposed motion to dismiss on January 14, 2021 and it is briefed and decided.

      The City Defendants have not even submitted a letter to Plaintiffs, as required by Your Honor's rules, identifying any alleged deficiencies in the Complaint as to them. We do not understand the legal basis for any motion to dismiss or why it should delay even a discussion of the proposed summary judgment motion. Certainly, the constitutional challenges to Judiciary Law § 90(10) will have to go forward at least against the State Defendants, as the City Defendants concede, and they are ripe for decision on undisputed facts. If and when the City Defendants file their required letter regarding their proposed motion to dismiss, Plaintiffs will be in a position to respond substantively to their position. Until then, Plaintiffs see no reason to delay a response to our letter request for a summary judgment motion. The State Defendants have made no such request. Under your Honor's rules, the time to respond to the Plaintiffs' pre-

Honorable Victor Marrero
December 14, 2021

motion conference letter is two business days.  That was yesterday.  Plaintiffs consent to extent that time to December 20, 2021.

      The Court is confronted with an accumulating number of motions and potential motions in a case that has attracted wide-spread attention and that is of critical importance for the workings of the criminal legal system.  *See* "They Publicized Prosecutors' Misconduct. The Blowback Was Swift," *New York Times*, Nov. 10, 2021, available at: https://www.nytimes.com/2021/11/10/nyregion/queens-prosecutors-misconduct.html.  Plaintiffs suggest the following as an orderly procedure for moving forward:

(1) The Defendants should respond by December 20, 2021, to Plaintiffs' December 10, 2021, letter proposing a summary judgment motion on Counts Three, Four, and Five of the Complaint.

(2) If any Defendant wishes to file a motion to dismiss, that Defendant should submit a letter to Plaintiffs, with a copy to the Court, explaining the basis for the motion by January 4, 2022 or earlier.

(3) Plaintiffs should respond within seven days to any letter from any Defendant with respect to a motion to dismiss in accordance with your Honor's rules.  This will be no later than January 11, 2022 and will permit the issues to be narrowed, if that is warranted, before Defendants file any motions to dismiss on the January 14, 2022 deadline.

(4) The Court should schedule an in-person status conference on January 17, 2022 or as soon thereafter as is convenient for the Court.  This will enable the Court to unpack the various motions that are pending or proposed and move forward in an orderly fashion.  Too much time has already passed with the letters that form the basis for the first two counts of the Complaint unnecessarily under seal – even though no Defendant has so far even attempted to defend the need for secrecy.

                                          Respectfully submitted,

                                          */s/ Gregory L. Diskant*

                                          Gregory L. Diskant

Cc:  All parties