

| GEORGIA M. PESTANA | THE CITY OF NEW YORK | Krista Friedrich |
| :--- | :---: | ---: |
| *Corporation Counsel* | LAW DEPARTMENT | *Senior Counsel* |
| | 100 CHURCH STREET | Phone: (212) 356-2610 |
| | NEW YORK, NY 10007 | Fax: (212) 356-2038 |
| | | kfriedri@law.nyc.gov |

December 20, 2021

**Via ECF**
Gregory L. Diskant
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Re: *Civil Rights Corps, et al. v. Georgia Pestana, et al.*, 21-cv-09128-VM

Dear Mr. Diskant:

     We write on behalf of Defendants Georgia Pestana, Corporation Counsel of the City of New York, and Melinda Katz, Queens District Attorney, in their official and personal capacities (the "City Defendants"), to request that you voluntarily dismiss them from this action. We intend to seek dismissal under Rule 12(b)(6) asserting the arguments outlined below, and for expediency, we request that the resolution of our motion to dismiss precede any briefing related to Plaintiffs' proposed partial summary judgment motion.

    **I.   An absolute privilege bars Plaintiffs' claims against the City Defendants.**

     Plaintiffs' claims against the City Defendants are based solely on a handful of statements within two letters sent to the Grievance Committees in relation to specific grievances pending before those Committees. Such statements are non-actionable because they are subject to absolute privilege. It is well-established New York law that statements made in the context of judicial or quasi-judicial proceedings are absolutely privileged. *See, e.g.*, *Toker v. Pollak*, 44 N.Y.2d 211, 221 (1978). This absolute privilege applies regardless of the type of claim asserted. *See, e.g.*, *Taggart v. Moody's Inv'rs Serv.*, 2007 U.S. Dist. LEXIS 52765, at *18 (S.D.N.Y. July 16, 2007)*; Cohen v. Allied Fire Protection Sys.*, Inc., 39 A.D.3d 1154, 1155 (4th Dep't. 2007). Further, New York state courts regard disciplinary proceedings as "judicial proceeding[s]." *Anonymous v. Ass'n of the Bar of N.Y.*, 515 F.2d 427, 433 (2d Cir. 1975) (quoting *Wiener v. Weintraub*, 22 N.Y.2d 330, 331-32 (1968)). In *Wiener*, the New York Court of Appeals held that "so long as the statements are material and pertinent to the issue to be resolved in the proceeding," the privilege is absolute and applies "irrespective of the motive with which they are made." 22 N.Y. 2d 330, 331 (citations omitted).

In the present case, the absolute privilege applies to bar Plaintiffs' claims against the City Defendants.[1] The challenged letters were both material and pertinent to the grievances pending before the Committees, raising concerns regarding publicizing the grievance process in light of the confidentiality provisions of the New York Judiciary Law. Though we strongly dispute Plaintiffs' characterization of the motives of the City Defendants and the former Corporation Counsel, the allegations of motive are irrelevant as a matter of law. Because the absolute privilege bars Plaintiffs' claims against the City Defendants, these claims must be dismissed.

## II. The City Defendants are not proper defendants for Plaintiffs' challenge to the confidentiality provisions of the New York Judiciary Law.

The City Defendants did not enact or propose the confidentiality provisions of the Judiciary Law and were merely following its terms in submitting a letter to the Grievance Committees. The City Defendants do not control the Grievance Committees or the way in which the Grievance Committees develop procedures or handle complaints. Nor are the City Defendants charged with enforcing the Judiciary Law. There are no allegations in the complaint to the contrary. Therefore Plaintiffs' third, fourth and fifth causes of action alleging that the enforcement of Judiciary Law § 90(10) violates the First Amendment of the United States Constitution, Article I of the New York State Constitution, and Section 4 of the New York Judiciary Law fail to state any claim against the City Defendants.

## III. The City Defendants did not violate Plaintiffs' First Amendment rights by sending confidential letters to the Grievance Committees.

Even if the statements challenged in Plaintiffs' first cause of action were actionable, Plaintiffs' complaint fails to state a claim for First Amendment retaliation by the City Defendants. In order to assert a claim for First Amendment retaliation, a plaintiff must show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009). Plaintiffs' claim of First Amendment retaliation fails for two reasons: Plaintiffs cannot establish that the speech in which they engaged was protected under the First Amendment, and the alleged "adverse action" to which they have been subject does not rise to the level of retaliation.

Plaintiffs cannot establish that publication of their complaints is protected speech under the First Amendment. Although Plaintiffs cite a handful of non-controlling cases from other jurisdictions limiting confidentiality of attorney disciplinary proceedings, Second Circuit precedent holds that the publication of an otherwise confidential disciplinary complaint is not protected speech. In *Kamasinski v. Judicial Review Council*, 44 F.3d 106 (2d Cir. 1994), the court upheld a Connecticut confidentiality law insofar as it prohibited a complainant in a disciplinary proceeding from disclosing that he had filed a complaint before the committee had made a probable cause determination regarding the complaint. Although this case addressed the judicial

---

[1] The claims against District Attorney Katz should be dismissed from this lawsuit for the additional reason that Plaintiffs allege no facts at all involving any actions she took.

disciplinary process, many of the same confidentiality and public interest considerations are present in the context of attorney disciplinary proceedings.

While the *Kamasinski* court held that the law could not prohibit the party from discussing the substance of the complaint, Plaintiffs here went far beyond simply discussing the substance of their misconduct allegations. Rather, they published copies of the complaints themselves, disclosing the fact that they had initiated the grievance process and encouraging the public to review the complaints and contact the Grievance Committees. As the June 2, 2021 letter repeatedly stresses, it was this intrusion on the confidentiality of the process—not the discussion of already public information underlying their complaints—with which the City Defendants took issue. Because the speech at issue was Plaintiffs' disclosure of their participation in the grievance process, Plaintiffs cannot establish protected speech that serves as the basis for a First Amendment retaliation claim.[2]

Finally, the City Defendants' supposed "adverse action" here consists only of statements alerting the Grievance Committees to Plaintiffs' violations of the Judiciary Law and a footnote mentioning the possibility of an additional similar letter on behalf of the City's other prosecuting offices. This does not come anywhere near retaliation. "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001). Plaintiffs have continued to publicize their case, their website remains available, and they are requesting that the letters sent to the Grievance Committees by the City Defendants be made public, demonstrating that there is not "adverse" action here affecting Plaintiffs' alleged rights. Plaintiffs have failed to state a claim for First Amendment retaliation.

Respectfully submitted,

/s/ Krista Friedrich

Krista Friedrich

cc: Hon. Victor Marrero (via ECF)

---

[2] The complaint also fails to state a claim for relief against the City Defendants in their personal capacities because their conduct was subject to qualified immunity. Under the doctrine of qualified immunity, government officials are immune from personal liability when performing discretionary functions, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). At the time of the City Defendants' alleged retaliatory actions, no court had found the Judiciary Law's confidentiality provisions to be unconstitutional. In fact, as discussed above, Second Circuit precedent has long established that similar speech was not protected by the First Amendment. As a result, the Corporation Counsel's letter alerting the Grievance Committee to Plaintiffs' actions and this confidentiality breach did not violate any clearly established First Amendment principles. Consequently, the City Defendants are immune from any related claims brought against them in their personal capacities.