

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8528

January 5, 2022

**BY ECF**
Gregory L. Diskant, Esq.
Patterson Belknap Webb & Tyler LLP
gldiskant@pbwt.com

Re:   *Civil Rights Corps, et al. v. Georgia Pestana, et al.,* 21-cv-9128 (VM)

Dear Mr. Diskant:

The Office of the Attorney General ("Office") represents Defendants Andrea E. Bonina, and Hector LaSalle, a Justice of the Supreme Court of the State of New York, Appellate Division in the above-referenced action. We write pursuant to section II(B) of Judge Victor Marrero's individual practices to preview Justice LaSalle and Bonina's proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

<u>The Younger Abstention Bars Plaintiffs' Claims Against Justice LaSalle and Bonina</u>

These defendants will argue that this Court lacks subject matter jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. This case concerns Plaintiffs' 21 attorney grievance complaints against current and former attorneys employed by Queens County District Attorney Office (collectively "the May 2021 Complaints"), now pending before the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. *See* ECF 1, ¶¶ 48-50.

The three conditions in *Younger* apply here: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Jackson Hewitt Tax Serv., Inc. v. Kirkland*, 455 F. App'x 16, 18 (2d Cir. 2012) (citing *Younger*). Bonina will affirm that the investigations of the May 2021 Complaints remain pending. The Supreme Court has long recognized that federal courts should abstain from attorney grievance committee proceedings. *See e.g., Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (holding the federal courts should abstain where attorney had the opportunity to raise constitutional challenges in the state proceeding). In 2013, the Supreme Court clarified its decision in *Middlesex County* and stated that courts should abstain under *Younger* only in three "exceptional circumstances" that "define Younger's scope": (1) pending state criminal proceedings; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings that "implicate a State's interest in enforcing

the orders and judgments of its courts." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). That Court specifically enumerated state-initiated attorney disciplinary proceedings for violations of state ethics rules as an example of civil enforcement proceedings where abstention is warranted. *Id.* at 79-80.

Courts in this Circuit have routinely dismissed collateral challenges to attorney disciplinary proceeding. *See e.g., Schorr v. DoPico*, 686 F. App'x 34 (2d Cir. 2017) (dismissing claim); *Eisenstein v. Supreme Ct., App. Div., First Dep't Disciplinary Comm.*, No. 95-cv-3459 (HB), 1997 WL 4572, at *1 (S.D.N.Y. Jan. 7, 1997) (dismissing claim and noting that plaintiff had not filed the proper motions in state court). The allegations in the Complaint warrant the Court's "mandatory" abstention outlined by this precedent. *Jackson Hewitt*, 455 F. App'x at 18.

New York State courts are fully equipped to hear the constitutional challenges articulated in the Complaint, just as the New Jersey Supreme Court in *Middlesex County* was empowered to hear that attorney's First Amendment claims. *Middlesex County*, 457 U.S. at 429-431. The Rules for Attorney Disciplinary Matters, for example, outline the process by which any party may apply to unseal confidential records or apply for access to closed proceedings. 22 N.Y.C.R.R. § 1240.18(d). Plaintiffs chose not to avail themselves of that procedural avenue for the May 2021 Complaints. ECF 1 at ¶¶ 48, 52. That Plaintiffs have cited a previous instance when a disciplinary proceeding remained confidential after denial of an application, *see* ECF 1 at ¶ 42, does not permit them to unilaterally engage the federal courts. A review of the available papers in *In re Innocence Project, Inc. v. Grievance Committee for the Tenth District*, (No. 2019-05674), prepared by Plaintiffs' counsel, reflects that no constitutional issues were raised before the Second Department.

The *Younger* decision identified two exceptions to its abstention doctrine, but neither applies here. *Younger*, 401 U.S. at 53-54. A court may refuse to abstain where a "prosecution or proceeding has been brought to retaliate for or to deter constitutionally protected conduct, or where a prosecution or proceeding is otherwise brought in bad faith or for the purpose to harass." *Schorr*, 686 F. App'x at 37. The second of the two "tightly defined" exceptions is for "extraordinary circumstances." *Jackson Hewitt*, 455 F. App'x at 18 (citing *Younger*, 401 U.S. at 197-98). As noted in *Diamond "D" Const. Corp. v. McGowan*, the Supreme Court has provided examples: first, when a state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or when a state administrative agency "was incompetent by reason of bias to adjudicate the issues pending before it." 282 F.3d 191, 201 (2d Cir. 2002) (internal citations and quotations omitted).

The Complaint does not allege facts that would satisfy these exceptions. Plaintiffs speculate when they allege that the Law Professors "should have no reason to expect any disciplinary action at all to result" if the proceedings remain confidential during their investigation. ECF 1 at ¶ 9. Glenn Kurtzrock's suspension demonstrates that Grievance Committees have disciplined prosecutors for violations of the Rules of Professional Conduct that govern all New York-barred attorneys. *See id.* at ¶ 34. That the disciplinary process takes longer than Plaintiffs would prefer does not create extraordinary circumstances or reflect bad faith. Finally, none of the relief sought would compel the Grievance Committee act within a specified time frame or reach a certain conclusion. ECF 1 at "Prayer for Relief," A-M.

The *O'Shea* Abstention Doctrine Requires Dismissal

    Abstention is also warranted under *O'Shea v. Littleton*, 414 U.S. 488 (1974), as Plaintiffs' requested relief would improperly interfere in the "internal workings of state courts," *Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006), and dictate how state courts manage judicial proceedings and "perform their judicial functions." *Disability Rights, New York v. New York*, 916 F.3d 129, 133 (2d Cir. 2019); *see also Wiener v Weintraub*, 22 N.Y.2d 330 (1968) (grievance-committee proceedings are "judicial proceedings" for purpose of immunity from defamation claims). Indeed, Plaintiffs ask the federal court to alter state court procedures regarding the confidential treatment of court records and documents, and internal decisions regarding the classification of grievance-committee. Justice LaSalle and Bonina will argue that the federal court should not intrude into the day-to-day workings of the state courts in this manner.

The Pullman Abstention Doctrine Requires Dismissal

    The fact that the Court of Appeals has not opined on Judiciary Law § 90(10) ("Section 90(10)") to assess its constitutionality in light of this First Amendment challenge requires dismissal here. *See R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941); *see also Nicholson v. Scoppetta*, 344 F.3d 154, 168 (2d Cir. 2003) (federal courts "have an independent obligation to consider whether *Pullman* abstention is appropriate."). In *Pullman*, the Supreme Court held that federal courts should "abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." *Vt. Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 384 (2d Cir. 2000) (quoting *All. of Am. Insurers v. Cuomo*, 13 854 F.2d 591, 601 (2d Cir. 1988)); *see Pullman*, 312 U.S. at 500–01. Federal courts have consistently reaffirmed that in considering an overbreadth challenge to a state statute, that court should presume that the state courts will give the law a narrow construction so long as the law is "readily susceptible" to that construction. *See Vt. Right to Life Comm.*, 221 F.3d at 386 (internal quotations omitted); *see also, e.g.*, *New York v. Ferber*, 458 U.S. 747, 773 (1982) (rejecting an overbreadth challenge premised on the "assum[ption] that the New York courts will widen the possibly invalid reach of the statute by giving an expansive construction to [its] proscription.")

    The Court of Appeals has not addressed the scope of the confidentiality protections in Section 90(10) in the manner now raised by Plaintiffs. The *Matter of Cappocia* case allowed a respondent attorney to open his hearing to the public but did not address the public's potential to unseal confidential documents or the proceedings more broadly. 59 N.Y.2d 549, 554 (1983). This Office reserves all rights to seek leave to move to dismiss regarding the constitutionality of the statute if this Court denies the proposed motion to dismiss and retains jurisdiction.

**************

    Avoiding formal motion practice in federal court would allow Plaintiffs to proceed more expeditiously towards their stated goals of prompt adjudication of the constitutional issues, albeit in state court. This Office will meet and confer on the bases of this proposed motion.

    Sincerely,

    */s/ Elizabeth A. Figueira*
    Elizabeth A. Figueira
    Assistant Attorney General

cc:    Honorable Victor Marrero (via ECF)