**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

January 12, 2022

Gregory L. Diskant
(212) 336-2710
gldiskant@pbwt.com

**BY ECF**

Elizabeth A. Figueira
Assistant Attorney General
State of New York Office of the Attorney General
28 Liberty Street
New York, NY 10005

Re:   *Civil Rights Corps, et al. v. Pestana, et al.*, 21-CV-9128 (VM)

Dear Ms. Figueira:

This firm represents the Plaintiffs in the above-captioned case. We write in response to your letter of January 5, 2022 on behalf of Defendants Justice Hector LaSalle and Andrea E. Bonina ("State Defendants"[1]) stating that your clients plan to seek dismissal of Plaintiffs' complaint under Rule 12(b)(1). ECF No. 41.

Your letter asserts that this Court lacks subject matter jurisdiction to decide this case pursuant to a variety of abstention doctrines. In fact, all of the abstention doctrines you cite are matters of judicial discretion, not jurisdiction, and generally provide no reason for a court to refuse to decide a case properly before it. "[O]nly exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). This is not such a case.

**I.    *Younger* Abstention Does Not Bar The Claims Against Justice LaSalle and Bonina**

There is a complete mismatch between the standards for *Younger* abstention and this case. The Plaintiffs are *not* defendants in any state proceeding; they do *not* seek to enjoin or stay any state proceeding; and the principal relief that they seek – freedom from harassment and retaliation by the State and City Defendants and money damages – is available in this § 1983 action and not in State court.

As the Supreme Court has repeatedly "stressed," "[c]ircumstances fitting within the *Younger* doctrine . . . are exceptional." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). "In the typical *Younger* case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings." *Donohue v. Mangano*, 886 F. Supp. 2d 126, 144 (E.D.N.Y. 2012) (quoting *Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984)); *see also Sprint*, 571 U.S. at 79 (noting "[s]uch [state]

---

[1] For the purposes of this letter, "State Defendants" refers only to Defendants Justice LaSalle and Bonina and does not include Defendant Kearse, who is not being represented by the New York Attorney General.

enforcement actions are characteristically initiated to sanction the federal plaintiff" and collecting cases). Meanwhile, "the basis for the federal relief claimed is generally available to the would-be federal plaintiff as a defense in the state proceedings." *Donohue v*, 886 F. Supp. 2d at 144 (quoting *Crawley*, 744 F.2d at 30). Your letter elides four critical facts, each of which independently renders *Younger* irrelevant.

*First*, there is no ongoing state proceeding in which Plaintiffs are defendants. Instead of identifying any such proceeding, as *Younger* would demand, your letter claims that there is an ongoing state proceeding involving the 21 current and former state prosecutors about whom some (but not all) of the Plaintiffs have filed grievance complaints. Not only are the Professors not the targets of any such investigation (if one is ongoing), but they are not even parties to such a proceeding. Instead, they have been excluded entirely from the state process, which will be conducted in secret and without further notice to the Plaintiffs. Compl. ¶¶ 70-71, Ex. 2. None of the cases you cite applies *Younger* abstention to federal plaintiffs who are not themselves defendants in a state proceeding.

*Second*, Plaintiffs do not seek to enjoin or stay any state court proceeding. "*Younger* mandates abstention only when the plaintiff seeks to enjoin ongoing state proceedings[.]" *Disability Rts. New York v. New York*, 916 F.3d 129, 134 (2d Cir. 2019). It is more than a little ironic that you would raise *Younger* abstention here, where the Plaintiffs seek the opposite of a stay; they want the state grievance process actually to go forward, up to and including disciplinary action. It is the State Defendants whose actions – behind closed doors – may prematurely terminate the state proceedings, not anything the Plaintiffs can do. Again, no case that you cite applies *Younger* in such a circumstance.

*Third*, since Plaintiffs are not defendants in any state proceedings, their constitutional arguments cannot be made as a defense in those proceedings. No state proceeding, and certainly not the potential grievance proceedings your letter cites, could provide the injunctive and monetary relief Plaintiffs seek under § 1983. To the extent that 22 NYCRR 1240.18(d) affords even the theoretical possibility of partial relief on constitutional claims, Plaintiffs would confront the demonstrated hostility of the New York courts to claims to open grievance proceedings. *See, e.g.*, Compl. ¶¶ 34, 42. Moreover, state court is not the proper venue here, where the Presiding Justice of the Second Department is a defendant. *See Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973) (state tribunal inappropriate when members had personal stake in outcome).

*Fourth*, your arguments about the bad faith exception to *Younger* are off point. You focus on the supposed good faith of state proceedings that are *not* against the Plaintiffs and that Plaintiffs do *not* seek to stay. The bad faith issues raised by the Complaint are that some Defendants have taken actions *against the Plaintiffs* "to retaliate for or to deter constitutionally protected conduct" and that are "in bad faith or for the purpose to harass." *Schorr v. DoPico*, 686 F. App'x 34, 37 (2d Cir. 2017). If *Younger*'s square peg can be twisted to fit into the round hole alleged in the Complaint, this bad faith would suffice to set it aside. Compl. ¶¶ 55-75.

## II. The *O'Shea* Abstention Doctrine Does Not Require Dismissal

The *O'Shea* doctrine counsels abstention if a plaintiff is seeking an injunction that is the equivalent of "an ongoing federal audit of state . . . proceedings" requiring "continuous supervision by the federal court" and "monitoring of the operation of state court functions." *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974). Plaintiffs seek nothing of the sort here. They seek injunctive relief and monetary damages against state actors for harassing and retaliating against them for the exercise of the constitutional rights, claims for which there is no avenue of relief in state court. To the extent that Plaintiffs also seek to invalidate an unconstitutional state statute, abstention under *O'Shea* is still improper. *Disability Rts.*, 916 F.3d at 136-37 (noting abstention is not necessary where plaintiffs seek to challenge "substantive statute statutes"). The remedies sought by Plaintiffs will not require any ongoing supervision by the federal court and are "more akin to [a] bright-line finding . . . than [an] ongoing monitoring of the substance of state proceedings." *Courthouse News Serv. v. Gabel*, 2021 WL 5416650, at *12 (D. Vt. Nov. 19, 2021) (quoting *Courthouse News Serv. v. Planet*, 750 F.3d 776, 791-92 (9th Cir. 2014)).

## III. The *Pullman* Abstention Doctrine Does Not Require Dismissal

Finally, *Pullman* abstention is appropriate only where there is an unclear state statute at issue and the federal questions might be mooted by allowing the state courts first to interpret the state statute. *Vermont Right to Life Comm., Inc. v. Sorrell*, 221 F.3d 376, 385 (2d Cir. 2000). That does not describe this case. There is nothing unclear about the overreach of the state statute under the federal constitution. But the most important reason for this Court to go forward is that the constitutional claims raised by Plaintiffs are based on the First Amendment. Abstention under *Pullman* is not warranted where the "plaintiff has raised a facial constitutional challenge to a statute and the attendant delay would work to inhibit exercise of the First Amendment freedoms injured by the statute's existence." *Vermont Right to Life*, 221 F.3d at 385. "[A]bstention . . . is inappropriate for cases [where] . . . statutes are justifiably attacked on their face as abridging free expression." *Dombrowski v. Pfister*, 380 U.S. 479, 489–490 (1965). "[T]o force the plaintiff who has commenced a federal action to suffer the delay of state court proceedings might itself effect the impermissible chilling of the very constitutional right he seeks to protect." *Zwickler v. Koota*, 389 U.S. 241, 252 (1967).

\* \* \*

Finally, you apparently contemplate other potential motions to dismiss which you have chosen not to share with us. That is inappropriate gamesmanship. Judge Marrero's rules require that now is the time to "set[] forth . . . pleading deficiencies in the complaint and other reasons or controlling authorities that defendant contends" warrant dismissal. Individual Practices of Judge Marrero at II.B.1. *See also* Fed. R. Civ. P. 12(g)(2); *Bogart v. Shearson Lehman Bros.*, 1995 WL 46399, at *4 (S.D.N.Y. Feb. 6, 1995) ("[T]he purpose of Rule 12(g) is the consolidation of defenses in a single motion and the avoidance of successive, delaying motions.").

Assistant Attorney General Figueira
January 12, 2022

                                                  Respectfully submitted,

                                                  */s/ Gregory L. Diskant*

                                                  Gregory L. Diskant

Cc: Honorable Victor Marrero; All parties (via ECF)