**PHILLIPS NIZER**LLP

485 Lexington Ave
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

Continental Plaza
433 Hackensack Avenue
Suite 803
Hackensack, NJ 07601
201.487.3700

www.phillipsnizer.com

New York • New Jersey

Mark M. Elliott
(212) 841-0741
melliott@phillipsnizer.com

January 14, 2022

**VIA ECF**

Gregory L. Diskant, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

    Re:    *Civil Rights Corps, et al. v. Georgia Pestana, et al.*, 21-cv-9128 (VM)

Dear Mr. Diskant:

    This firm represents Defendant Diana Maxfield Kearse ("Kearse") in the above-referenced action. I write pursuant to section II(B) of Judge Victor Marrero's individual practices to preview Kearse's proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

    **I.**    **Kearse Will Argue That The Court Lacks Subject Matter Jurisdiction**

    A.  *Younger* Abstention

    For substantially the same reasons as stated in Defendants Andrea E. Bonina and Hector LaSalle's ("Bonina and LaSalle") pre-motion letter dated January 5, 2022 (ECF #41), Kearse will argue that the Court lacks subject matter jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny.

    Among other things, Kearse will draw attention to the points of law enumerated in *Eisenstein v. Supreme Ct., App. Div., First Dep't Disciplinary Comm.*, No. 95 CIV. 3459 (HB), 1997 WL 4572, at *1 (S.D.N.Y. Jan. 7, 1997). In *Eisenstein,* the *plaintiff* filed a complaint against his attorney with the Legal Ethics Committee and then commenced a federal court action for alleged constitutional violations connected with the handling of his complaint, including requesting that New York Judiciary Law § 90(10) be declared unconstitutional. The Southern District of New York held it lacked subject matter jurisdiction to hear the *plaintiff'*s complaint because the *plaintiff* failed to "exhaust his state appellate remedies before seeking relief in the District Court" and could not demonstrate that he fell under one of the exceptions to the *Younger*

**PHILLIPS NIZER**LLP

Gregory L. Diskant, Esq.
January 14, 2022
Page 2

abstention doctrine. *Id.* at *1, quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (internal quotation marks omitted) and citing *Mildner v. Gulotta*, 405 F.Supp. 182, 196 (E.D.N.Y. 1975), *aff'd* 425 U.S. 901 (1976).

For substantially the same reasons as stated in Bonina and LaSalle's letter, Kearse will argue that Plaintiffs here do not fall under any exception to the *Younger* abstention doctrine.

B.  *O'Shea* and *Pullman* Abstention

For substantially the same reasons as stated in Bonina and LaSalle's letter, Kearse will argue that the Court should refrain from interfering in the internal workings of New York State courts, including grievance committee proceedings, pursuant to *O'Shea v. Littleton*, 414 U.S. 488 (1974) and subsequent cases. In addition, for substantially the same reasons as stated in Bonina and LaSalle's letter, Kearse will argue, pursuant to *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941) and subsequent cases, that the Court should refrain from ruling on the constitutionality of New York Judiciary Law § 90(10) until there is a New York Court of Appeals case that does so.

II.  **In The Event The Court Retains Subject Matter Jurisdiction, Kearse Will Argue, In The Alternative, That Her Immunity Bars Plaintiffs' Claims**

A.  Eleventh Amendment Immunity

Kearse will argue that Plaintiffs' claims against her in her official capacity, as Chief Counsel to the State of New York Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (the "Grievance Committee"), are barred by the Eleventh Amendment. The Second Circuit has held that attorney grievance committees are "arms of the state" and, as such, are protected by Eleventh Amendment immunity. *Napolitano v. Saltzman*, No. 05CV4278SJFWDW, 2005 WL 8165878, at *2 (E.D.N.Y. Sept. 21, 2005), *aff'd,* 315 F. App'x 351 (2d Cir. 2009) (dismissing complaint against counsel to an attorney grievance committee for an alleged violation of 42 U.S.C. § 1983). Likewise, counsel to grievance committees are protected by Eleventh Amendment immunity as states officials sued in their official capacity. *Id.*

B.  Absolute Quasi-Judicial Immunity

Kearse will argue that, as an official acting in a quasi-judicial capacity, she is entitled to absolute immunity against Plaintiffs' claims.

Government officials who perform functions closely associated with the judicial process are entitled to absolute immunity for acts taken pursuant to their office. *See Finn v. Anderson*, 592 F. App'x 16, 18 (2d Cir. 2014) (dismissing complaint against staff counsel to an attorney grievance committee for an alleged violation of the *plaintiffs*' equal protection and substantive due process rights), quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). The Second Circuit

has consistently extended such quasi-judicial immunity to investigators with attorney grievance committees, including counsel to these committees. *Id.* at 19, citing *Anonymous v. Ass'n of the Bar of City of New York*, 515 F.2d 427, 433 (2d Cir. 1975); *see also Napolitano v. Saltzman*, 315 F. App'x 351, 351-52 (2d Cir. 2009).

A defendant entitled to quasi-judicial immunity loses that privilege only if they act "in the clear absence of all jurisdiction." *Finn*, 592 F. App'x at 19, quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted). As the Second Circuit has recognized, the scope of a judicial officer's jurisdiction must be construed broadly to allow them to exercise their functions with independence and without fear of consequences. *Id.*, quoting *Gross v. Rell*, 585 F.3d 72, 85 (2d Cir. 2009) (internal quotation marks omitted). Evidence that an official's action "was in error, was done maliciously, or was in excess of [their] authority" does not undermine their claim to absolute immunity so long as it did not fall clearly outside all official authority. *Id.*, quoting *Stump*, 435 U.S. at 356 (internal quotation marks omitted).

Here, there is no indication, of course, that Kearse's letters to Plaintiffs, dated June 11, 2021 and July 26, 2021 and attached to Plaintiffs' Proposed Complaint as Exhibits 2 and 7, were outside her official authority.[1] In any event, in that official capacity, Kearse was merely informing Plaintiffs of the next steps in the process and enforcing existing law.

C. Qualified Immunity

For substantially the same reasons as stated in Defendants Georgia Pestana and Melinda Katz's ("City Defendants") pre-motion letter dated December 20, 2021 (ECF #35 fn. 2), Kearse will argue that the doctrine of qualified immunity bars suit against her in her personal capacity.[2]

III. **In The Event The Court Holds That Kearse Is Not Immune From Suit, Kearse Will Argue, In The Alternative, That Plaintiffs' First Cause Of Action Fails To State A Claim Against Her Upon Which Relief Can Be Granted**

Plaintiffs' first cause of action alleges that Kearse violated Plaintiffs' First Amendment Rights by "engag[ing] in an ongoing effort to harass, threaten, and punish" Plaintiffs for exercising their First Amendment right "to make complaints to the Grievance Committee, to publish these complaints, and to engage in political activity to encourage greater accountability

---

[1] *See infra* Point III.
[2] Contrary to the assertion made in Plaintiffs' letter dated December 30, 2021 (ECF #39), Plaintiffs do not merely seek declaratory judgments and injunctive relief. Plaintiffs' first and second causes of action allege that Kearse engaged in specific constitutional violations against Plaintiffs, and would appear to expose her to potential liability for monetary damages. In addition, Section K of Plaintiffs' Prayer for Relief expressly seeks monetary damages.

**PHILLIPS NIZER LLP**

Gregory L. Diskant, Esq.
January 14, 2022
Page 4

for prosecutorial misconduct." *See* Proposed Complaint, ¶¶ 85-86. There can be no dispute that neither of Kearse's two letters to Plaintiffs did anything of the sort.[3]

Kearse's first letter simply acknowledged receipt of Plaintiffs' complaints; informed Plaintiffs that the complaints were all transferred to the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts;[4] advised Plaintiffs that any investigations into the allegations contained in the complaints would remain confidential unless they resulted in public discipline imposed by the Appellate Division; and thanked Plaintiffs for "bringing these matters to [the Grievance Committee's] attention[,]" expressing appreciation for Plaintiffs' "interest in preserving the standards of the legal profession." Kearse's second letter merely advised Plaintiffs that the procedure outlined in her first letter regarding the confidentiality of any investigations into the allegations contained in the complaints comports with the Rules for Attorney Disciplinary Matters and the long-standing policy of the Appellate Division. Kearse reassured Plaintiffs that all complaints filed with the Grievance Committee are "thoroughly and carefully evaluated on their own merit."

Nowhere in either of Kearse's letters did she remotely harass, threaten, or punish Plaintiffs for making or publishing their complaints, or for engaging in political activity. On the contrary, Kearse thanked Plaintiffs for filing the complaints with the Grievance Committee and assured Plaintiffs that all filed complaints are taken seriously. Plaintiffs' conclusory allegations that Kearse's innocuous letters were part of a coordinated effort by all the defendants to threaten, harass, and retaliate against Plaintiffs[5] are pure speculation and cannot survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level …").

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Kearse was advised on January 4, 2022 that the Office of the Attorney General would not be representing her, as requested. This firm's engagement was approved on January 12, 2022. Given the very short period of time Kearse's counsel had to assess the complaint and the

---

[3] Kearse's letters are attached to Plaintiffs' Proposed Complaint as Exhibit 2 and Exhibit 7 and are, therefore, cognizable on a Rule 12(b)(6) motion to dismiss. *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

[4] Plaintiffs concede that this is permissible pursuant to 22 NYCRR 1240.7(a)(2). *See* Exhibit 6 to Proposed Complaint, p. 2.

[5] *See* Proposed Complaint, ¶ 73 (Plaintiffs allege that, because Kearse's letter came after the letter sent by the Corporation Counsel on June 2, 2021, "her decision suggests that, at the urging of Mr. Johnson, the Committee is rejecting the complaints and taking action against the professors for the exercise of their First Amendment rights" (internal quotation marks and citation omitted)); Proposed Complaint, ¶ 74 (Plaintiffs assert that Kearse's second letter "did not deny that the Committee action was taken in response to the Corporation Counsel's demands" and that her enforcement of the confidentiality provisions of New York Judiciary Law § 90(10) was for the purpose of excluding Plaintiffs "from the ongoing process that their complaints have generated and thereby punish them for exercising their First Amendment rights") (emphasis omitted)).

3248638.1

**PHILLIPS NIZER**LLP

Gregory L. Diskant, Esq.
January 14, 2022
Page 5

potential grounds for a motion to dismiss, Kearse reserves her right to argue additional grounds for dismissal in her motion papers.

In addition, Kearse joins in the City Defendants' request in their letter dated January 5, 2022 (ECF #42) that the Court resolve all motions to dismiss before the parties brief summary judgment motions. Resolving motions to dismiss first will narrow the issues by addressing them in their logical sequence, and thus promote judicial economy and efficiency.

Very truly yours,

*/s/ Mark M. Elliott*
Mark M. Elliott

Cc: Honorable Victor Marrero
All parties (via ECF)

3248638.1