

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8528

January 14, 2022

**BY ECF**
Honorable Vincent Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Civil Rights Corps, et al. v. Georgia Pestana, et al.,* 21-cv-9128 (VM)

Dear Judge Marrero:

The Office of the Attorney General ("Office") represents Defendants Andrea E. Bonina, and Hector LaSalle, a Justice of the Supreme Court of the State of New York, Appellate Division in the above-referenced action. We write in response to Plaintiffs' motion to unseal Exhibits 1 through 7 ("Exhibits") of the Complaint, dated November 4, 2021. (ECF 1, 9).

For the reasons outlined in this Office's January 5, 2022 to Plaintiffs' counsel, this Court should abstain from unsealing the Exhibits, as the Court lacks subject matter jurisdiction to proceed in this case altogether. *See* ECF 41 (outlining three independent abstention doctrines).

At present, Judiciary Law § 90(10) ("Section 90(10)") must be deemed constitutional. The statute states in part that "all papers, records and documents upon the application or examination of any person … upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential." Plaintiffs have alleged both facial and as applied constitutional challenges to this statute, *see* ECF 1 at ¶¶ 91-105, but no rulings on the merits have been made.

To consider the unsealing of the Exhibits, the Court will need to evaluate the scope of the confidentiality protections in Section 90(10). That process will inevitably reach the merits of this case prematurely. This Court has made this observation in at least one other proceeding and developed an approach that retained broad access to "judicial documents," but also recognized the need for "closure as essential to preserve higher values." *See Doe v. Ashcroft*, 317 F. Supp. 2d 488, 491-492 (S.D.N.Y. 2004) (holding that the underlying statute's non-disclosure provision and the national security concerns related to the possibility of disclosing necessitated the limited sealing of documents filed).

      By initially filing the Exhibits under seal, Plaintiffs have recognized, at least partially, that the statute should be treated as constitutional, and that "all papers" relating to the "investigation" of the former and current Queens County prosecutors should remain under seal pursuant to Section 90(10) pending resolution of the investigation. *See* ECF 9. Paragraphs 7-8, 57-58, 67, 70-72, 74 of the Complaint either reference or quote from the Exhibits, which arguably violates privacy concerns cited by Plaintiffs in Paragraph 103 of the Complaint and recognized by the New York State Court of Appeals. *See* ECF 1 at ¶ 103. Neither this Office nor any of the State Defendants were afforded an opportunity during the initial proceeding (21-mc-00792) to seek a protective order to request limited redactions for the 107-paragraph pleading. To unseal the Exhibits now would compound the violations of confidentiality required by Section 90(10) unless "good cause" has been shown under the statute.

      Thank you for your time and consideration in this matter.

      Sincerely,

      */s/ Elizabeth A. Figueira*
      Elizabeth A. Figueira
      Assistant Attorney General