# Figueira Decl. Ex. 2

(Rev. 07.30.2020)

Attorney Grievance Committee
Supreme Court, Appellate Division
First Judicial Department
180 Maiden Lane
New York, New York 10038
(212) 401-0800
Email: AD1-AGC-newcomplaints@nycourts.gov

**HOW TO FILE A COMPLAINT**

### I. INTRODUCTION

When you retain a lawyer, you have the right to have your legal matter handled in a professional and ethical manner.

Unfortunately, there may be times when you believe that you have not received the representation that you deserve. Usually, such problems can be settled between you and your lawyer, either by talking it over or by dismissing the lawyer and retaining a new one. On certain occasions, however, a lawyer's conduct may appear so improper that a complaint to a local grievance authority is warranted. Most complaints are filed by clients, but complaints may also be filed by non-clients.

### II. WHERE TO SEND COMPLAINTS

The Attorney Grievance Committee of the First Department (AGC) only handles complaints against lawyers whose offices are in **Manhattan** or the **Bronx**. Similar grievance committees exist in the other counties of New York State. We can provide you with contact information for the other grievance committees, if necessary; or, we may transfer your complaint there if your attorney does not have an office in Manhattan or the Bronx.

If you believe a lawyer has behaved in an unethical or dishonest manner, you may file a signed complaint, in writing, with the:

Attorney Grievance Committee
Supreme Court, Appellate Division
First Judicial Department
180 Maiden Lane
New York, New York 10038
Telephone (212) 401-0800
Email:
AD1-AGC-newcomplaints@nycourts.gov
Hours: Monday-Friday, 9 A.M.-5 P.M.

Email Complaint and Attachments to:
AD1-AGC-newcomplaints@nycourts.gov.
In addition, please send **one copy** of your complaint and attachments **by regular mail** to the above address. If you do not have a personal email account, please send two (2) complete sets of your complaint and all attachments. There may be a delay in processing your matter if it is not emailed. Please **do not** include any original documents because we are unable to return them.

## III. WHAT IS THE ATTORNEY GRIEVANCE COMMITTEE?

The Chief Attorney of the AGC manages a staff (Staff) of approximately 40 New York State salaried attorneys and non-attorneys. The Chief Attorney's Office works together with a volunteer group of lawyers and non-lawyers (Committee members) appointed by the Appellate Division of the Supreme Court, First Judicial Department (Court). Each Committee member is appointed by the Court because of his or her knowledge of the law and reputation for integrity and fairness. They serve voluntarily and without pay. The Chief Attorney's Office works together with the Committee members to resolve over 3,000 complaints against lawyers annually. The Committee members meet monthly to act on recommendations made by the Chief Attorney's Office. There are two 21-member volunteer Committees that meet on alternate months. Each Committee is headed by a Chairperson (Chair).

## IV. THE AGC'S PURPOSE

The purpose of the AGC is to protect the public by ensuring that lawyers adhere to the ethical standards set forth in the Rules of Professional Conduct (Rules). The AGC protects the public by reviewing and investigating complaints against lawyers and by recommending sanctions against those who are proven to have violated the Rules. It safeguards the reputation of the legal profession by enforcing high standards of conduct, while at the same time ensuring that complaints are thoroughly investigated.

The AGC has the authority to take the following actions, depending upon the seriousness of the lawyer's conduct and the circumstances surrounding it:

- Dismiss the complaint because there is insufficient evidence of unethical conduct;
- Refer the complaint to a special Mediation Program, in which a trained volunteer mediator meets with the lawyer and the client to assist them in resolving the complaint privately;
- Issue a private letter to the lawyer advising him/her that he/she has engaged in conduct that requires comment but does not warrant the imposition of discipline (Letter of Advisement);
- Issue a private sanction to the lawyer when the lawyer has engaged in unethical conduct that does not warrant public discipline by the Court (Letter of Admonition);
- Recommend to the Court to stay an investigation or proceeding because of alcohol or substance abuse or other mental or physical issue causing impairment, and direct the lawyer to complete an appropriate treatment and monitoring program approved by the Court;
- Recommend to the Court that the lawyer receive a public sanction but no suspension from the practice of law (Censure);
- Recommend to the Court that the lawyer's right to practice law be taken away for an indefinite or specified period (suspension); or
- Recommend to the Court that the lawyer's license to practice law be taken away (disbarment).

## V. WHAT THE AGC CANNOT DO

- Give legal advice or represent clients in a civil lawsuit against their lawyers, including a lawsuit for legal malpractice or any other claim. If you wish to obtain money from your lawyer on your claim of improper conduct, you should consult a lawyer knowledgeable in that field for advice and representation. There are time limits for making certain claims, so you should seek legal advice promptly, in addition to filing a complaint.
- Determine fee disputes between clients and lawyers. Lawyers are required to participate in mandatory arbitration of fee disputes subject to certain conditions.
- Collect money for clients. If a lawyer owes you money, and you have not obtained a judgment, you should consider hiring another lawyer to collect your money.
- Generally speaking, immediately act on your complaint if there is pending litigation as to the same material and substantial issues. A judicial outcome if often helpful in determining ethical violations.

If you are in doubt as to whether the AGC can help you, you may contact us for guidance.

## VI. HOW TO FILE A COMPLAINT

It is helpful, but not required that you use the AGC's complaint form in order to file your complaint. If you choose not to use our form, make sure that your written complaint contains the following information:

- Your name, address, telephone number and **email** address;
- The name, address, telephone number and **email** address of the lawyer against whom you are making the complaint;
- A detailed and concise statement of the lawyer's conduct that is the subject of your complaint;
- Whether or not you use the AGC's form, your complaint must be signed. Unsigned complaints will not be processed;
- Include any documents related to your complaint. Make sure that you send copies, not originals, because they will not be returned.

Send the complaint and all related documents by email and regular mail to the AGC.

## VII. COST

There is no charge for submitting a complaint to the AGC. The review, investigation, and prosecution of your complaint are paid for by the State of New York. If you retain a lawyer to assist you in the complaint process, which is not necessary, you are responsible for the lawyer's fee.

## VIII. HOW COMPLAINTS ARE PROCESSED

### A. Initial Screening

Every complaint is given a docket number and initially reviewed by a Staff attorney. If it is determined that your complaint lacks merit or evidence, or involves a matter falling outside the AGC's authority, the Chief Attorney will notify you that the AGC is unable to

investigate your complaint. A declination to investigate does not mean that the AGC does not believe you. It only means that what you said the lawyer did either was not a violation of any specific Rule or cannot be pursued for one of the following reasons:

- Inadequate evidence;
- Your complaint is a fee dispute over which the AGC has no jurisdiction;
- The AGC cannot act on your complaint for other reasons having to do with jurisdiction. For example, the lawyer's registration address is not in Manhattan or the Bronx; the lawyer has already been suspended or disbarred; the lawyer is deceased; or there is a lawsuit pending that involves similar issues;
- Your complaint involves collecting a debt that a lawyer owes to you and you have not exhausted available civil remedies; or
- There appears to be little likelihood that your complaint alleging professional misconduct can be proven due to the passage of time or the lack of evidence.

You may request reconsideration of the Chief Attorney's decision to dismiss your complaint by notifying the AGC within 30 days of the date of the notice of dismissal. One of the Committee Chairs or a sub-committee of the Committee will review your request for whatever action is deemed appropriate.

**B. Initial Investigation**

If the initial screening reveals that the complaint is within the AGC's authority and may involve an ethical violation, the Staff will carry out an initial investigation. During this investigation, the lawyer will be sent a copy of your complaint and will be given the opportunity to respond to it (answer). You, in turn, may be given an opportunity to reply to the lawyer's answer (reply).

**C. Second Screening**

Following the initial investigation of your complaint, including a review of the evidence submitted, the lawyer's answer to the complaint, and your reply, if any, the Staff will determine whether additional investigation is warranted.  Thereafter, a Staff attorney reviews the entire file again and, with the approval of the Chief Attorney, makes a recommendation to the Committee members as to whether a violation of a Rule has occurred. That recommendation is based on an assessment of the merits of the complaint, the evidence offered by both sides and other relevant factors.

**D. Dismissal**

If the investigation reveals that the lawyer did not violate a specific Rule, or if it appears that there is insufficient evidence, the Committee members may decide that your complaint should be dismissed. Before a complaint is dismissed, however, the Staff attorney's recommendation will be reviewed by the Chief Attorney.  If the Committee members agree with the Staff attorney's recommendation, you will be notified in writing that your complaint was dismissed, and that you may request reconsideration of that decision by notifying the AGC within 30 days of the date of the notice of dismissal. No reconsideration request will be accepted after 30 days. The Chair of one of the Committees, or a sub-committee thereof, will review your request for whatever action is deemed appropriate.

### E. Mediation Program

The AGC may decide to send a complaint to mediation if it does not involve serious ethical violations and is unlikely to result in a disciplinary sanction against a lawyer. Mediation is a private, informal way to resolve a dispute. The mediator is a neutral third person who tries to help disputing parties reach a mutually agreeable solution of their differences. In both Manhattan and the Bronx there is a roster of mediators who are trained to deal with disputes between lawyers and their clients. The mediation program is coordinated by local bar associations. The mediation involves, at a minimum, telephone contact between you, the lawyer, and the mediator. It may also involve a mediation conference at which you, the lawyer and the mediator are present. The mediation program has been highly successful in resolving disputes between clients and their lawyers, particularly in cases where the complaint was generated because of a failure in communication.

### F. Further Investigation

If a Staff attorney, after second screening of a complaint, finds that further investigation is warranted, that recommendation is reviewed by the Chief Attorney. If approved, the matter is assigned to one of the Staff attorneys to conduct further investigation which may require issuing subpoenas for documents and records as well as interviewing witnesses, including at times the complainant and the lawyer whose conduct is being investigated.

### G. Private Letter of Advisement

In some cases, the investigation may reveal that the lawyer engaged in conduct that requires comment but does not warrant the imposition of discipline. In such cases, the AGC will send the lawyer a "Letter of Advisement." This is a private letter which states that while the lawyer may not have engaged in conduct that is in violation of the Rules, the AGC finds that the lawyer's conduct requires comment. If a Letter of Advisement is issued you will receive a notice informing you that such a letter was sent, that it will be kept in the lawyer's permanent file and that it may be used against the lawyer should there be any future ethical violation.

### H. Private Letter of Admonition

In some cases, the investigation may reveal that a lawyer has violated a Rule and deserves to be disciplined, but the violation is not serious enough to warrant formal, public discipline. In such cases, the AGC will send the lawyer a "Letter of Admonition." This is a private sanction which states that the AGC finds the lawyer's conduct to be in violation of the Rules. For example, such letters may be sent to lawyers who neglect a legal matter or fail to return client property promptly. If a Letter of Admonition is issued you will receive a notice informing you that such a letter was sent, that it will be kept in the lawyer's permanent file and that it may be used against the lawyer should there be any future ethical violation.

### I. Formal Disciplinary Proceeding

In a case involving an allegation of serious unethical conduct supported by substantial evidence, it may be determined that a formal disciplinary proceeding should be commenced against the lawyer. Recommendations to proceed with a formal disciplinary proceeding (the first step required for the imposition of a public sanction such as a public censure,

**5 |** P a g e

suspension or disbarment) are presented by the Staff attorneys to the AGC members for their approval.

**J. Hearing and Review by the Court**

If a formal disciplinary proceeding is brought against a lawyer, the Court may appoint a Referee to conduct a hearing. Staff attorneys under the supervision of the Chief and Deputy Chief attorneys develop and prosecute the case against the offending lawyer before the Referee. You may be asked to testify along with other witnesses. After the hearing, which is similar to a formal trial, the Referee files with the Court a Report and Recommendation as to whether the charges have been proven and recommends an appropriate sanction. The AGC or the lawyer may make a motion to confirm or disaffirm the Referee's Report. The Court, after its review, may confirm, reject or modify the Referee's findings and recommendation. Only the Court has the authority to impose public discipline on the lawyer, including censure, suspension or disbarment.

**IX. CONFIDENTIALITY**

During the investigation and resolution of a complaint, all papers, records and documents in the AGC's possession are sealed and deemed private and confidential pursuant to New York Judiciary Law, Section 90(10). If a recommendation for a public sanction is upheld by the Court, however, the Court's written decision and the entire record of the proceedings are available to the public for inspection at:

Committee on Character and Fitness
Supreme Court, Appellate Division
First Judicial Department
41 Madison Avenue, 26th Floor
New York, New York 10010
(646) 386-5895

**X. HOW LONG DOES THE PROCESS TAKE?**

The initial screening of a complaint may take some time. You may contact the AGC in writing to review the status of a complaint. After the initial screening, it is difficult to predict the length of time that it will take to investigate a matter because it depends on the gravity of the complaint and the workload of the Staff.

If a recommendation is made to dismiss the complaint after receipt of the lawyer's answer and your possible reply to that answer, you will be notified in writing. If the AGC pursues a further investigation, the time required for the additional investigation and prosecution varies with the seriousness and complexity of the case, the availability of witnesses, documentary evidence, the AGC's caseload and other factors.

If your complaint results in a formal disciplinary proceeding and a hearing and involves claims of lawyer misconduct sufficient to justify censure, suspension or disbarment, it may take a number of months before the proceedings are complete. Every effort is made to act on each complaint quickly and efficiently. Consideration of a complaint may ultimately result in depriving a lawyer of the ability to practice his or her profession. Given the AGC's responsibility to you, and the lawyer in question, we must act with care.

## XI. REINSTATEMENTS

Section 90 of the Judiciary Law and Court Rule 22 NYCRR 1240.16 permit lawyers to apply for reinstatement to the practice of law after the period of suspension or disbarment. A lawyer who has been disbarred or stricken from the roll of attorneys may not petition for reinstatement until the expiration of seven years from the effective date of disbarment. For directions on what a petition for reinstatement must contain, please refer to 22 NYCRR 1240.16 and 22 NYCRR Part 1240, Appendixes C and D.

## XII. DISCIPLINARY RESIGNATIONS

The Court permits a lawyer to resign from the bar during an investigation by the AGC or after the commencement of a formal disciplinary proceeding if the lawyer submits an affidavit in compliance with 22 NYCRR 1240.10 and Part 1240, Appendix A, acknowledging that the lawyer knows the nature of potential charges which are set forth in the affidavit and cannot successfully defend against them. A resignation during the pendency of an investigation is equivalent to disbarment.

## XIII. OTHER SOURCES OF HELP

There are various agencies that can help you, or can provide additional relief while your complaint is being processed by the AGC:

### 1. Lawyer Referral

If you wish to locate a lawyer to replace the lawyer against whom you have complained, or to counsel you in connection with possible claims you may have against that lawyer, the following bar associations in our area have legal referral services:

**Manhattan**:

Association of the Bar of the City
of New York
42 West 44th Street
New York, New York 10036
(212) 626-7373 (English)
(212) 626-7374 (Spanish)

New York County Lawyers' Association
14 Vesey Street
New York, New York 10007
(212) 267-6646

**Bronx**:

Bronx County Bar Association
851 Grand Concourse
Room 124
Bronx, New York 10451
(718) 293-2227

### 2. Misappropriated Funds

If you believe that a lawyer has misappropriated your money or other assets, you may wish to consult the Lawyers' Fund for Client Protection (Fund) about probable reimbursement from the Fund. Complete information about the Fund and its procedures, its contact address, telephone numbers and claim forms may be found on the Fund's Website, http://www.nylawfund.org. The Fund may also be reached at:

Lawyers' Fund for Client Protection
119 Washington Avenue
Albany, New York 12210
(518) 434-1935 or
(800) 442-3863

### 3. Fee Disputes

If you are having a fee dispute with your present lawyer and wish to arbitrate that dispute, you should contact:

Joint Committee on Fee Disputes
14 Vesey Street
New York, New York 10007
(212) 267-6646, Ext. 217

The New York State Court System has established a Statewide Fee Dispute Resolution Program (FDRP) to resolve lawyer-client disputes over legal fees through arbitration (and in some cases mediation). Please visit their website to see whether the FDRP is right for you:

http://www.nycourts.gov/admin/feedispute/index.shtml

### 4. Mandatory Resolution of Fee Disputes

If a fee dispute arises in a civil matter where the representation began after January 1, 2002 and the amount involved is more than $1,000 and less than $50,000, resolution of the fee dispute is mandatory and will be conducted by the:

Joint Committee on Fee Disputes
14 Vesey Street
New York, New York 10007
(212) 267-6646, Ext. 217

There is no mandatory resolution program for fee disputes in criminal matters.

### 5. Unauthorized Practice of Law

If you feel that a non-lawyer is improperly holding himself or herself out as a lawyer or otherwise practicing law, please contact:

**Manhattan:**

New Yok County District Attorney's Office
One Hogan Place
New York, New York 10013
(212) 335-9000

**Bronx:**

Bronx County District Attorney's Office
198 East 161st Street
Bronx, New York 10451
(718) 590-2000

### 6. Criminal Conduct

If you believe that your lawyer is engaging in criminal conduct, please contact:

**Manhattan:**

New York County District Attorney's Office
One Hogan Place
New York, New York 10013
(212) 335-8900

**Bronx:**

Bronx County District Attorney's Office
198 East 161st Street
Bronx, New York 10451
(718) 590-2000

### 7. Judges

To file a complaint against a judge, please contact:

State Commission on Judicial Conduct
61 Broadway, 12th Floor

New York, New York 10006
(646) 386-4800

**8. Public Disciplinary Records**

To obtain the public disciplinary records of lawyers please contact:

Committee on Character and Fitness
Supreme Court, Appellate Division
First Judicial Department
41 Madison Avenue, 26th Floor
New York, NY 10010
Phone: (646) 386-5895

**XIV. CONCLUSION**

We hope that this is helpful in answering your questions about how to file a complaint against a lawyer in Manhattan or the Bronx, and what happens thereafter. The legal profession expects all lawyers to conduct themselves in an honest and ethical manner in accordance with the Rules of Professional Conduct. We are committed to giving every complaint against a lawyer full and fair consideration in an expeditious, thorough manner, and recommending discipline for lawyers who do not meet the high ethical standards of the profession.

If you have additional general questions about this process, please contact our office.