# Figueira Decl. Ex. 4

**Supreme Court of the State of New York**
**Appellate Division**
*Second Judicial Department*

Admission to Practice    Attorney Conduct and Discipline

Appellate Division Homepage

# Attorney Matters

## How to Make a Complaint About a Lawyer

**Introduction**

Clients who have hired a lawyer are consumers of legal services. As in any consumer relationship, there may be times when the consumers have complaints. Most of the time clients can settle such complaints on their own by talking to the lawyer and explaining the problem or, if necessary, by dismissing the lawyer and hiring another.

Sometimes, however, a client's complaint is sufficiently serious that it calls into question the lawyer's honesty, integrity, or professional competence and thereby involves danger not only to the individual client but also to other members of the public who are, or in the future may be, consumers of the lawyer's legal services. In such cases the client performs a public service by making a formal complaint of professional misconduct to those who are responsible for regulating the legal profession.

**Regulation of the Legal Profession**

The law is a profession that is licensed and regulated by government. A person who wishes to become a lawyer must study the law, take an examination to test their knowledge, and undergo a review of their character and fitness to assume the responsibilities of the profession. Lawyers are admitted to practice by the Appellate Division of the New York State Supreme Court and are subject to oversight by that court during the course of their career.

**The Rules of Professional Conduct**

To guide and regulate the practice of law, New York has adopted the Rules of Professional Conduct (22 NYCRR part 1200). These rules state the standard of conduct below which no lawyer can fall without being subject to disciplinary action.

**Professional Discipline**

Lawyers who violate the Rules of Professional Conduct (22 NYCRR part 1200) are subject to professional discipline for their actions. The Appellate Division of the Supreme Court is legally responsible for maintaining the integrity of the profession by enforcing those Rules. In the 10 downstate counties of Richmond (Staten Island), Kings, Queens, Nassau, Suffolk, Westchester, Dutchess, Orange, Rockland and Putnam, the Appellate Division for the Second Judicial Department has created three attorney grievance committees to receive, investigate, and, if necessary, prosecute complaints of professional misconduct against lawyers. The purpose of the disciplinary system is to protect the public generally by enforcing the Rules of Professional Conduct, thereby helping to insure the honesty, integrity, and competence of the profession.

**The Attorney Grievance Committees**

Each of the three attorney grievance committees in the Second Judicial Department consists of 21 members (no fewer than 3 whom are non-lawyers) who are appointed by the court. They are not paid for their work, but nonetheless, they understand the importance of their responsibilities and work diligently to maintain the high standards of the legal profession. The committee is supported by a paid staff of attorneys and investigators who work full time to investigate and, where warranted, prosecute complaints. A list of the current members of the Attorney Grievance Committees for the Second Judicial Department can be obtained by clicking on the appropriate committee: Attorney Grievance Committee, Second, Eleventh and Thirteenth Judicial Districts, Attorney Grievance Committee, Ninth Judicial District, Attorney Grievance Committee, Tenth Judicial District.

**How to File a Complaint Against a Lawyer**

Making a complaint is a very serious matter and before taking that step it is often wise for a person to communicate with the attorney, preferably in writing, in an attempt to mutually work out a solution to existing problems. However, if a person believes that an attorney has acted unethically, that person may file a complaint against the lawyer simply by submitting a signed, written statement setting forth a clear, concise statement of the facts and circumstances of the alleged misconduct. No special legal knowledge is needed to file one. The complainant should provide copies of any documentary evidence that supports the claim and include the names and addresses of any witnesses who can support the allegations of the complaint.

Complaints against attorneys cannot be made anonymously. They must be in writing and be signed by the complainant. They may be made on a complaint form (PDF) available on this site or may be made in the form of a letter to the appropriate attorney grievance committee. The complainant must provide an address and telephone number at which they can be reached.

**Where Should the Complaint be Filed?**

A complaint should be filed, by email or regular mail, with the attorney grievance committee having jurisdiction over the county in the State of New York in which the attorney maintains their office for the practice of law. If the attorney is admitted to the bar of New York but does not maintain an office in this state, the complaint may be filed with any attorney grievance committee and, if necessary, it will be transferred to an appropriate committee in the judicial department of the Appellate Division in which the lawyer was admitted to the practice of law.

There are eight Attorney Grievance Committees in New York, each of which has responsibility for a different part of the State. Lawyers are required to register with the Office of Court Administration every two years. That office maintains a public Directory of Registered Attorneys in which each lawyer's business address and the judicial department of the Appellate Division in which they were admitted to practice are listed.

In the Second Judicial Department, if the attorney's office is located in Richmond, Kings, or Queens Counties the complaint should be filed with:

State of New York Grievance Committee for the
Second, Eleventh & Thirteenth Judicial Districts
Renaissance Plaza
335 Adams Street, Suite 2400
Brooklyn, New York 11201-3745 (718) 923-6300
ad2-grv2@nycourts.gov

If the attorney maintains an office in Westchester, Dutchess, Orange, Rockland, or Putnam Counties, the complaint should be filed with:

State of New York Grievance Committee for the
Ninth Judicial District
Crosswest Office Center
399 Knollwood Road, Suite 200
White Plains, NY 10603
(914) 824-5070
ad2-grv9@nycourts.gov

If the attorney's office is in Nassau or Suffolk Counties, the complaint should be filed with:

State of New York Grievance Committee for the
Tenth Judicial District
150 Motor Parkway, Suite 102
Hauppauge, NY 11788
(631) 231-3775
ad2-grv10@nycourts.gov

---

**How Are Complaints Processed?**

Upon receipt of a complaint, it is examined by a staff attorney at the grievance committee to evaluate whether or not it is a matter that the committee can or should investigate. Some complaints may be transferred to the grievance, mediation, or fee dispute committee of a local bar association. The staff attorney will notify the complainant in writing if this occurs and provide the contact information of the committee to which the complaint has been transferred.

The staff attorney may conclude that a complaint describes conduct that, even if true, does not violate a provision of the Rules of Professional Conduct (22 NYCRR part 1200), and therefore does not involve professional misconduct. On occasion, an otherwise valid complaint may not be suitable for investigation due to other contributing factors. In such cases, the staff attorney will notify the complainant in writing and explain the reasons why the committee is unable to be of assistance.

If it is determined that a complaint is suitable for investigation, the grievance committee will request the attorney to answer it. The attorney has a professional obligation to comply with that request and the failure to submit an answer may, in and of itself, constitute professional misconduct. After the attorney's answer is received, the grievance committee may further investigate the complaint by looking at any documents or court records that may help, speaking to witnesses, and speaking further, if necessary, to the complainant and to the attorney.

When the investigation is completed, the results will be reported to the full grievance committee at one of its monthly meetings where it will be reviewed and discussed. Then any one of several things may happen:

- The complaint may be dismissed. This does not mean the committee did not believe the complainant, but instead, it may mean that there was insufficient evidence of misconduct or that the provable conduct did not violate a provision of the Rules of Professional Conduct (22 NYCRR part 1200).
- The committee may take appropriate action by sending a confidential letter to the lawyer. A Letter of Advisement is sent when the committee is of the opinion that the attorney acted in a manner which, while not constituting clear professional misconduct, involved behavior requiring comment. An Admonition is issued in those cases in which the committee finds that the lawyer committed clear professional misconduct that was not sufficiently serious to warrant the commencement of a formal disciplinary proceeding.
- In cases involving serious misconduct, the committee may commence a disciplinary proceeding. The complainant may be requested to give sworn testimony at a hearing held as part of such a proceeding. If misconduct is proven in the course of a formal disciplinary proceeding, the court may take disciplinary action against the attorney in the form of an order of public censure, suspension from practice, or disbarment.

**Disciplinary Proceedings are Confidential**

New York's Judiciary Law provides that any complaint, inquiry, investigation or proceeding relating to the conduct of an attorney shall be sealed and be deemed private and confidential (Judiciary Law § 90[10]). If the complaint did not result in a formal disciplinary proceeding in court, the records concerning the investigation, the deliberations of the grievance committee, and the outcome are not open to the public. In the event that a formal disciplinary proceeding is commenced against an attorney in the Appellate Division of the Supreme Court and public discipline in the form of a censure, a suspension from practice, or disbarment is imposed, the records relating to that proceeding and the court's decision are public and open to inspection. In all cases the complainant will be advised in writing of the outcome of the complaint.

**What the Attorney Grievance Committees Can and Cannot Do**

As stated above, the purpose of the grievance committees is to insure the protection of the public generally by enforcing the provisions of the Rules of Professional Conduct (22 NYCRR part 1200). To discharge that function they investigate and may prosecute complaints of attorney misconduct. Complaints from the public help to identify attorneys who may need to change their practice and thereby help the grievance committees and the courts to keep the legal profession honorable and competent. In that way, complainants also help themselves, their friends, and their community. The assistance of the public is essential to the work of the grievance committees.

The efforts of the grievance committees often may not, however, solve the problem that the complainant had with the attorney.

- The grievance committees cannot take money or property from the attorney to return to the complainant.
- They cannot sue an attorney on the complainant's behalf.
- They cannot do the legal work that the attorney failed to do.
- They cannot change the fee that the attorney charged, even if they conclude that it was too high.
- They cannot represent the complainant or give legal advice.

For those purposes complainants will often need to seek the services of another lawyer.

**Complainants Need to Protect Their Personal Interests**

Complainants may feel uncomfortable in continuing to work with a lawyer against whom they have made a complaint of professional misconduct. Nevertheless they often need to act promptly to protect their personal legal interests. Rights may be lost if they act too slowly. By the time a grievance complaint is made, much time already may have passed. As a result, complainants may wish to seek a new attorney but not know where to

turn. They may obtain assistance in finding a new lawyer from the Lawyer Referral Services of local bar associations.

If complainants feel that their legal interests need protection, they should consult with another attorney immediately! They should not wait for the grievance committee to render a disposition on their complaints because certain rights may be lost with the passage of time. If other legal remedies are available, complainants may need to pursue them. While the committees work expeditiously to conclude all matters, their investigations and possible resulting disciplinary proceedings take a good deal of time.

**Making a Claim with the Lawyers' Fund for Client Protection**

A complainant who claims to have lost money or property because of an attorney's dishonest conduct in the practice of law may, in addition to filing a complaint with the appropriate grievance committee, wish to file a claim with the Lawyers' Fund for Client Protection of the State of New York. Complete information about the fund and its procedures, its contact addresses and numbers, and claim forms may be found on the Lawyers' Fund Website.

**Attorney-Client Fee Dispute Resolution Program**

Generally, a complaint about a lawyer's fee is not a ground for disciplinary action. If a grievance committee receives a complaint that is primarily a dispute between a client and attorney over the latter's fee, it may decline to entertain that complaint and instead inform the complainant of other available means of resolving the matter, including, among others, the statewide attorney-client fee dispute resolution program (22 NYCRR part 137). Clients contemplating filing a grievance concerning an attorney's fee may instead avail themselves of the fee dispute resolution program directly. Full information about the statewide attorney-client fee dispute resolution program is available on the Internet at the Unified Court System's Fee Dispute Resolution Page.

---

**General Information**

Accessiblity

Attorney Matters

Contact Us

Directions

FAQ's

Forms & Practice Aids

How a Case is Decided

Public Notices

Related Links

Oral Argument - Watch Live

Oral Argument Archives

**Rules of Practice**

Appellate Division Rules of Practice (effective 9/17/18)

Local Rules of Practice of the Second Department (effective 9/17/18)

**E-filing**

Electronic Filing

Electronic Filing Rules

**Ancillary Programs**

Appellate Term

Attorney for the Child

**Calendars**

Court Calendars

Civil Appeals Management Program (CAMP)

Grievance Committees

Mental Health Professionals

Mental Hygiene Legal Service

Assigned Counsel Plan, 2nd, 11th and 13th Judicial Districts

Court Examiner

Mental Hygiene Law Article 10

## Court Decisions

⚖️ Motions and Decisions

## About the Court

Justices of the Court

Clerk of the Court

History of the Court

The Courthouse

## NYS Unified Court System

NYCOURTS.GOV homepage

Courts

CourtHelp

Attorneys

Juror

Judges

Careers in the Courts

Search