# Figueira Decl. Ex. 10

July 16, 2020

# Rule 16

Share:

   

Model Rules for Lawyer Disciplinary Enforcement

A. Availability of Information. All records of the agency, except the work product of disciplinary counsel or the hearing committee or the board, shall be available to the public after a determination that probable cause exists to believe that misconduct occurred and after the filing and service of formal charges, unless the complainant or respondent obtains a protective order for specific testimony, documents or records.

B. Confidentiality. Prior to the filing and service of formal charges in a discipline matter, the proceeding is confidential within the agency, except that the pendency, subject matter, and status of an investigation may be disclosed by disciplinary counsel if:

(1) the respondent has waived confidentiality;
(2) the proceeding is based upon allegations that include either the conviction of a crime or reciprocal discipline;
(3) the proceeding is based upon allegations that have become generally known to the public; or
(4) there is a need to notify another person or organization, including the client protection fund, in order to protect the public, the administration of justice, or the legal profession.

C. Public Proceedings. Upon a determination that probable cause exists to believe that misconduct occurred and the filing and service of formal charges in a discipline matter, or filing of a petition for reinstatement, the proceeding is public, except for:

(1) deliberations of the hearing committee, board, or court; or
(2) information with respect to which the hearing committee has issued a protective order.

D. Proceedings Alleging Disability. Proceedings for transfer to or from disability inactive status are confidential. All orders transferring a lawyer to or from disability inactive status are public.

E. Protective Orders. In order to protect the interests of a complainant, witness, third party, or respondent, the [hearing committee to which a matter is assigned] [board] may, upon application of any person and for good cause shown, issue a protective order prohibiting the disclosure of specific information otherwise privileged or confidential and direct that the proceedings be conducted so as to implement the order, including requiring that the hearing be conducted in such a way as to preserve the confidentiality of the information that is the subject of the application.

F. Request for Nonpublic Information. A request for nonpublic information other than that authorized for disclosure under paragraph B above shall be denied unless the request is from one of the following agencies:

(1) [names of agencies authorized to investigate qualifications for admission to practice;]
(2) lawyer disciplinary enforcement agencies;
(3) [other agencies, if any, designated by the court.]

G. Notice to Lawyer. Except as provided in paragraph H, if the board or counsel decides to provide nonpublic information requested, and if the lawyer has not signed a waiver permitting the requesting agency to obtain nonpublic information, the lawyer shall be notified in writing at his or her last known address of that information which has been requested and by whom, together with a copy of the information proposed to be released to the requesting agency. The notice shall advise the lawyer that the information shall be released at the end of [twenty-one] days following mailing of the notice unless the lawyer objects to the disclosure. If the lawyer timely objects to the disclosure, the information shall remain confidential unless the requesting agency obtains a court order requiring its release.

H. Release Without Notice. If an otherwise authorized requesting agency has not obtained a waiver from the lawyer to obtain nonpublic information, and requests that the information be released without giving notice to the lawyer, the requesting agency shall certify that:

(1) the request is made in furtherance of an ongoing investigation into misconduct by the lawyer;
(2) the information is essential to that investigation; and
(3) disclosure of the existence of the investigation to the lawyer would seriously prejudice that investigation.

I. 9   Notice to National Lawyer Regulatory Data Bank. The board shall transmit notice of all public discipline imposed against a lawyer, transfers to or from disability inactive status, and reinstatements to the National Lawyer Regulatory Data Bank maintained by the American Bar Association.

J. 10  Duty of Officials and Employees of the Agency. All officials and employees of the agency in a proceeding under these rules shall conduct themselves so as to maintain the confidentiality mandated by this rule.

Commentary

The confidentiality that attaches prior to a finding of probable cause and the filing of formal charges is primarily for the benefit of the respondent, and protects against publicity predicated upon unfounded accusations.

If the respondent waives confidentiality or if the nature of the accusation is already known to the public, the basis for confidentiality no longer exists. Where information has become widely known, interested individuals and particularly the media often seek comment from the disciplinary agency involved. The existence of privacy requirements places the disciplinary agency in the awkward position of being unable to acknowledge the existence of an investigation. This could lead to a mistaken notion that the agency is unaware of or uninterested in allegations of misconduct, without in any way protecting the reputation of the lawyer.

Once a finding of probable cause has been made, there is no longer a danger that the allegations against the respondent are frivolous. The need to protect the integrity of the disciplinary process in the eyes of the public requires that at this point further proceedings be open to the public. An announcement that a lawyer accused of serious misconduct has been exonerated after a hearing behind closed doors will be suspect. The same disposition will command respect if the public has had access to the evidence.

Disability proceedings remain confidential until the final order of the court, because medical evidence or other peculiarly personal information relating to the lawyer is often involved. An order of the court transferring the lawyer to disability inactive status is public. When a lawyer's license to practice has been limited in any way, public disclosure is necessary. Failure to reveal the fact of transfer to disability inactive status would mislead the public and others

likely to come into contact with the lawyer into believing that he or she remains eligible to practice.

The order transferring the lawyer to disability inactive status should clearly state the conditions that must be met for the lawyer to be reinstated to active status. Orders of reinstatement to active status should be published in the journal of the state bar and in a newspaper of general circulation in each judicial district in which the lawyer maintained an office for the practice of law.

In most instances, requests to the agency for nonpublic information relating to a specific lawyer should be denied. The court in its discretion may direct that the agency cooperate with specific entities by providing them with nonpublic information. These will usually be entities charged with a public responsibility requiring that they investigate specific individuals, such as bar admissions committees, committees on judicial appointments, or law enforcement agencies.

Many of these agencies require the lawyer to sign a waiver authorizing the release of information. If the lawyer does not know what the file contains, he or she cannot knowingly authorize the disclosure of its contents. Therefore, if the lawyer requests it, a copy of any information which the agency proposes to disclose to the requesting entity should be furnished before a waiver is signed.

If the agency is asked to release information without a waiver from the lawyer, and is prepared to do so, it should first notify the lawyer of the request and furnish the lawyer with a copy of the information it proposes to release. This should be done sufficiently in advance of the release of the information to the requesting party to permit the lawyer to object to the release. The lawyer's timely objection places upon the requesting agency the burden of seeking a court order to release the information involved.

The requirement of notice to the lawyer prior to release does not apply to requests for information about a lawyer which are made in furtherance of an ongoing investigation into alleged misconduct on the part of the lawyer by an entity authorized to engage in such investigation. Before the agency releases information to an authorized entity without notice to the lawyer, the entity must provide the certification required by the rule.

Exchange of public information between agencies contributes to more effective enforcement. It is absurd for one agency to struggle with a substantive or procedural problem completely unaware that the same problem has been faced and resolved by an agency in another state. Nor should cases involving fundamental questions in disciplinary enforcement be litigated through the courts in the state in which they arise without agencies in other states which are likely to be vitally affected by the outcome being made aware of the existence of the proceeding until the Supreme Court of the United States renders a decision disposing of the issue.

The ABA Center for Professional Responsibility has full-time legal and administrative staff trained and educated in the discipline and disability field available to provide research information and consulting services. The Center maintains a file of the current rules of disciplinary enforcement of each jurisdiction, performs legal research, and operates the National Discipline Data Bank. Current information relating to the handling of particular problems or approaches to specific situations throughout the country is available.

Next - RULE 17. DISSEMINATION OF DISCIPLINARY INFORMATION.

Table of Contents

Center for Professional Responsibility



American Bar Association
ent/aba-cms-
g/en/groups/professional_responsibility/resources/lawyer_ethics_regulation/model_rules_for_lawyer_disciplinary_enforcement/rule_16