

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

STEVEN STEIN CUSHMAN
*Acting Corporation Counsel*

KRISTA FRIEDRICH
*Senior Counsel*
Phone: (212) 356-2610
Fax: (212) 356-1148
E-mail: kfriedri@law.nyc.gov

July 29, 2022

**BY ECF**
The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Civil Rights Corps, et al. v. Pestana, et al.</u>, 21-cv-9128 (VM)

Dear Judge Marrero:

This office represents defendants Georgia Pestana, former Corporation Counsel of the City of New York, and Melinda Katz, District Attorney for Queens County (together, the "City defendants") in the above-referenced action. The City moved to dismiss the complaint on the basis of, amongst other things, qualified immunity. This Court eschewed briefing on the motion and construed defendants' letters requesting permission to file motions to dismiss as motions. The Court thereafter, in two separate orders, denied the construed motion in its entirety. As pertinent here, the Court issued an Order dated June 13, 2022 (ECF No. 94), holding that the City defendants are not entitled to qualified immunity for the actions at issue here (ECF No. 94 at 39).

Because the City's motion raised important and novel legal issues, the City defendants filed a Notice of Appeal (ECF No. 101) to present an interlocutory appeal to the Second Circuit on the issue of the City defendants' entitlement to immunity. The City defendants now respectfully request, pursuant to Rule 8 of the Federal Rules of Appellate Procedure, that this Court stay further proceedings pending the Second Circuit's determination of the interlocutory appeal. Plaintiffs object to this request because they believe the stay is unnecessary, and all other parties take no position.

A denial of qualified immunity constitutes an immediately appealable interlocutory decision because such immunity "is effectively lost if a case is erroneously permitted to go to trial." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). Such immunity furnishes "an entitlement not to stand trial **or face the other burdens of litigation**," including discovery proceedings. <u>Id.</u> "Qualified immunity strikes a balance between the need to provide a means for the vindication of constitutional guarantees and the societal costs that inhere in litigation against public officials, including 'the danger that fear of being sued will 'dampen the ardor of all but the

most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties.'" Loria v. Gorman, 306 F.3d 1271, 1281 (2d Cir. 2002), quoting Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982).

In this case, the Court, relying on language in Kamasinski v. Judicial Review Council, 44 F.3d 106 (2d Cir. 1994), held that the City defendants are not entitled to qualified immunity because they "would have known" that, despite the confidentiality provisions contained in the State Judiciary Law governing the attorney grievance process, the First Amendment allowed grievance complaints to be published publicly (ECF 94 at 24, 38-39). City defendants agree that "penalizing an individual for publicly disclosing complaints about the conduct of a government official" would be unconstitutional, and never asserted otherwise. Id. at 111. But the Kamasinski court distinguished disclosing "the fact that a complaint has been filed or that testimony has been given" from publicizing the substance of complaints individuals have about public officials, recognizing "that the former might be subject to greater regulation than the latter." Id. Indeed, recognizing the state's interest in "preserving the integrity of its judiciary," the Court held "that the limited ban on disclosure of the fact of filing or the fact that testimony was given does not run afoul of the First Amendment." Id. It is the former that is at issue here. The City defendants also relied on the well-settled legal proposition that statutes are presumed constitutional until found otherwise. Gonzales v. Raich, 545 U.S. 1, 28–29 (2005). This, at a minimum, calls this Court's holding into question and raises a legitimate issue for appellate review.

Courts in this circuit apply a "general rule" that "when an appeal of the denial of qualified immunity is under consideration, discovery should not proceed." In re Facebook, Inc., 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014). They frequently apply the "dual jurisdiction rule, which divests a district court of jurisdiction immediately upon the filing of a request for interlocutory review under the collateral order doctrine . . . in cases respecting a right not to be tried, such as … qualified immunity." In re S. African Apartheid Litig., No. 2009 U.S. Dist. LEXIS 123437, at *2 (S.D.N.Y. July 6, 2009); see Edrei v. City of N.Y., 2017 U.S. Dist. LEXIS 141097, at *7 (S.D.N.Y. Aug. 31, 2017) (granting motion to stay proceedings pending resolution of interlocutory appeal on issue of qualified immunity defense).[1] Alternatively, courts apply a four-factor balancing test to determine whether a stay is warranted, considering "whether: (1) the applicant will be irreparably injured absent a stay; (2) issuance of the stay will substantially injure the other parties interested in the proceeding; (3) the stay applicant has made a strong showing that he is likely to succeed on the merits; and (4) the stay is in the public interest." Plummer v. Quinn, 2008 U.S. Dist. LEXIS 9951, at *2 (S.D.N.Y. Feb. 12, 2008). Under either analysis, a stay is necessary and appropriate here.

---

[1] "'While the Second Circuit has not directly held that the filing of an interlocutory qualified immunity appeal automatically divests district courts of jurisdiction, the First, Fifth, Seventh, and Ninth Circuits have all held that district courts are automatically divested of jurisdiction.'" NRA of Am. v. Cuomo, 2022 U.S. Dist. LEXIS 8849, at *3-4 (N.D.N.Y. Jan. 18, 2022) (citations omitted).

Moreover, while not addressed by this Court, the City has also asserted an absolute immunity defense.[2] "Absolute immunity gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities.'" Mangiafico v. Blumenthal, 471 F.3d 391, 394 (2d Cir. 2006), quoting Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987). Government attorneys enjoy absolute immunity when functioning as advocates "in a way that is intimately associated with the judicial process." Mangiafico v. Blumenthal, 47F.3d 391, 396 (2d Cir. 2006). Here, the former Corporation Counsels were advocating on behalf of our client the Queens District Attorney's office in a quasi-judicial forum open to both plaintiffs and defendants. This advocacy, which carried no greater legal weight than that of the plaintiffs, is precisely the sort of matter for which the Corporation Counsel and her assistants have consistently been afforded absolute immunity in order to fully participate in the adjudicative process. The City's colorable absolute immunity defense provides another strong basis for a stay, for the same reasons.

Neither of the City defendants has any interest in unnecessarily prolonging this litigation. Nonetheless, the Court's decision to deny Ms. Pestana and Ms. Katz immunity prior to trial raises significant legal and policy concerns that City defendants cannot ignore in the interest of expediency. A stay of this case pending appeal is the only vehicle available to the defendants to ensure that the City defendants can be heard by the Second Circuit prior to being subjected to the burdens of litigation and trial.

Denying a stay would not only extinguish the City defendants' rights recognized by the Supreme Court in Mitchell but doing so would also frustrate the important policy considerations articulated by the Supreme Court in Harlow behind qualified immunity. As the Court recognized in its order, the City defendants' intent will be at issue in discovery. The issue to be resolved on appeal, involving the Court's holding that the City defendants "would have known" the legal argument they were advancing was unconstitutional is a judicial conclusion that directly implicates the City defendants' state of mind that will certainly be a central issue during discovery on the unresolved claims and in all subsequent proceedings before this Court.

By contrast, plaintiffs will not suffer any prejudice if this Court grants a stay. This Court has already held that the First Amendment permits plaintiffs to publish any attorney grievance complaints that they file, as well as any papers, records, and documents that they receive related to those complaints (ECF No. 94 at 24, 30). During a stay pending the resolution of the City defendants' appeal on the narrow issue of immunity, plaintiffs will remain free to publicize their present and future grievance complaints and any associated documents in their possession. As City defendants have previously stated, they fully intend to abide by this Court's ruling in this regard.

---

[2] In the May 5, 2022 Order, the Court observed that based on its review of the pre-motion letters regarding potential motions to dismiss "the City Defendants do not appear to be arguing that they are absolutely immune from suit" (ECF No. 90 at 21 n.4). While the City Defendants did in fact clarify they are asserting an absolute immunity argument in their opposition to plaintiffs' summary judgment motion (See ECF No. 77 at 13), that argument was not addressed in the Court's June 13, 2022 Order.

Important legal and policy considerations surrounding the City defendants' entitlement to immunity tip the balance in favor of granting a stay in this case. Accordingly, the City defendants urge this Court to grant the requested stay and allow Ms. Pestana and Ms. Katz an opportunity to pursue their appeal, which they will do expeditiously.

                        Respectfully submitted,

                        /s/ Krista Friedrich

                        Krista Friedrich
                        Assistant Corporation Counsel

cc: Counsel of record (via ECF)