**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

August 4, 2022

Gregory Diskant
(212) 336-2710
gldiskant@pbwt.com

**By ECF**

The Honorable Victor Marrero
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Civil Rights Corps v. Pestana*, No. 21-CV-9128 (VM)

Dear Judge Marrero:

      This firm represents the Plaintiffs in the above-captioned case. We write in opposition to the letter submitted by the City Defendants on July 29, 2022, requesting that the Court stay all further proceedings in this case pending the Second Circuit's determination of their interlocutory appeal. Dkt. No. 108. A stay of discovery is not necessary. The narrow issues on appeal are not case-dispositive; they will not change the number of defendants; and they will not reduce the issues in any meaningful way. Regardless of whether Plaintiffs can pursue *money* damages against the City Defendants in their personal capacity, all other claims pending before the Court against all the Defendants arising from the exact same set of facts can proceed. Granting a stay will not relieve the City Defendants of the burdens of litigation; on the other hand, Plaintiffs will suffer irreparable prejudice as a result.

      There is no "general rule" that the court must stay all proceedings in this case pending resolution of the City Defendants' appeal. Rather, as the City Defendants implicitly admit, in this Circuit, the rule is that when a party seeks a stay of discovery pending an interlocutory appeal from an order denying immunity from suit, the court considers the familiar factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; [] (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007), quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of [this] standard are the most critical," *Nken v. Holder*, 556 U.S. 418, 434 (2009), and are considered in relation to one another. Thus, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[] will suffer absent the stay." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002). In any event, it is not "enough that the chance of success be better than negligible," or that there be a "mere possibility of irreparable injury." *Nken*, 556 U.S. at 434 (citation omitted). Under any analysis, the City Defendants are not entitled to a stay here.

August 4, 2022
Page 2

*First*, the City Defendants have not shown that they will be irreparably injured absent a stay. Regardless of whether the City Defendants are successful on their limited appeal in their personal capacity only, all the claims for equitable relief against them in their official capacity will remain, arising from the exact same set of facts. This is true both for their claims of qualified immunity and absolute immunity. *Giacalone v. Abrams*, 850 F.2d 79, 84 (2d Cir. 1988) ("When a plaintiff seeks both damages and equitable relief, successful assertion of qualified immunity frees an official only from the burden of defending against personal liability for damages. The official must still participate in the ongoing suit to litigate the remaining equitable claims."); *Anilao v. Spota*, 27 F.4th 855, 863 (2d Cir. 2022) ("The doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages (but not injunctive relief) in a § 1983 lawsuit . . . ."). The City Defendants wrongly rely upon *Mitchell v. Forsyth*, 472 U.S. 511 (1985), to suggest that if they are successful on appeal they should be spared the burdens of litigations. But in *Mitchell*, the plaintiff sought only damages, not injunctive relief, and so a win on appeal would end the case. *Id.* at 519 n.5 ("Because this case does not involve a claim for injunctive relief, . . . we express no opinion on the question."). That is not the case here.

Furthermore, because the merits of Plaintiffs' claims for equitable and monetary relief arise from the same set of facts, there will be significant overlap in discovery whatever happens on appeal. The City Defendants admit as much, arguing "the City defendants' state of mind . . . will certainly be a central issue during discovery on the unresolved claims and in all subsequent proceedings before this Court." Dkt. No. 108, at 3. Therefore, regardless of the outcome on appeal, the City Defendants' discovery burdens remain nearly identical. *See V.S. v. Muhammad*, No. 7-CV-1281, 2009 WL 936711, at *1 (E.D.N.Y. Apr. 3, 2009) (rejecting a claim of irreparable harm because the party claiming harm "will be subject to discovery, including giving deposition testimony and providing documents" regardless of the relief sought); *see also Torres v. Faxton St. Lukes Healthcare*, No. 16-CV-439, 2017 WL 11317906, at *3 (N.D.N.Y. Jan. 26, 2017) (finding this factor favors denying a stay where there was "substantial overlap in the information relevant to plaintiffs' claims" such that the state-party defendants "will in any event have to participate . . . in the discovery of the claims that are not involved in the pending appeals"). As the City Defendants will be subject to the substantially the same burdens of discovery regardless of whether they prevail on their limited appeal, they have made no showing of harm in the absence of a stay, much less irreparable harm.

*Second*, not only have the City Defendants failed to show irreparable injury absent a stay, but they have not made a strong showing that they are likely to prevail on their appeal. On their qualified immunity appeal, the City Defendants purport to distinguish *Kamasinski v. Judicial Review Council*, despite its clear statement that "penalizing an individual for publicly disclosing complaints about the conduct of a government official strikes at the heart of the First Amendment." 44 F.3d 106, 110 (2d Cir. 1994). This argument comes with particular ill grace as Plaintiffs' First Amendment claim was essentially conceded on summary judgment. Neither City nor State Defendants even argued in their opposition papers that Plaintiffs' decision to publish their own grievance complaints violated New York Judiciary Law Section 90(10). *See* Decision and Order, Dkt. No. 94, at 21. The City Defendants made no effort to defend the

August 4, 2022
Page 3

Corporation Counsel's contrary allegations in the letter from James E. Johnson (the "Johnson Letter") that gave rise to this suit. Defendants' concession belies any argument that Plaintiffs' right under the First Amendment to post their complaints on their website was anything other clearly established. Moreover, as the Johnson Letter makes clear, his complaint was not motivated by the fact that the grievance complaints were filed, but by publication of the substance of the complaints. *See* Johnson Letter, Dkt. No. 59-1, at 3 (complaining that the "contents of" the complaints "as written, are more an attack on prosecutors generally"). At a minimum, the Corporation Counsel should have known that his attack on Plaintiffs for publishing the substance of their complaints was barred by the First Amendment. *See Kamasinski*, 44 F.3d at 110 ("Whether the state may prohibit the disclosure of the substance of an individual's complaint . . . merits little discussion").

The City Defendants' claim that they are entitled to absolute immunity is equally meritless. Absolute immunity applies only to "legislators, in their legislative functions," "judges, in their judicial functions," "prosecutors and similar officials," "executive officers engaged in adjudicative functions," and the "President of the United States." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Courts employ a "functional approach to immunity questions", examining "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 224, 229 (1988). In other words, the immunity does not attach to an individual by virtue of their "status," but rather by "the functional nature of the activities" performed by the individual. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Here, the Johnson Letter attacking the Plaintiffs for publishing their complaints, does not resemble any function that qualifies for absolute immunity. The Johnson Letter was not a decision "whether or not to initiate litigation on behalf of the state" or "to initiate administrative proceedings." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006). And it cannot "fairly be characterized as closely associated with the conduct of litigation or potential litigation in civil suits – including the defense of such actions." *Id.* Rather, the letter was not even connected to the Corporation Counsel or Queens County DA's official duties, let alone representation of an entity in any ongoing or impending litigation. All it did, in clear violation of the First Amendment, was complain about grievances filed by a group of citizens alleging prosecutorial misconduct. It did not even take a position on the merits of the grievances that had been filed or explain why the letter related to the official duties of the City Defendants.

Courts routinely deny claims of absolute immunity where government counsel merely investigated an issue and advised a decisionmaker of its findings. *See Moran v. City of New Rochelle*, 346 F. Supp. 2d 507, 521 (S.D.N.Y. 2004) (denying absolute immunity where Corporation Counsel merely "encouraged" that others issue summons); *Contes v. Porr*, 345 F. Supp. 2d 372, 381 (S.D.N.Y. 2004) (denying absolute immunity where Corporation Counsel investigated certain allegations and wrote "a memorandum . . . recommending that charges should be brought"). Here, the City Defendants' actions were even less connected to their official duties. By contrast, the cases cited in City Defendants' opposition to Plaintiffs' motion for summary judgment are irrelevant, as each of those cases involved claims arising from Corporation Counsel's representation of the City in litigation. *See* Dkt. No. 77, at 13; *see*

August 4, 2022
Page 4

*Rochester v. Carter*, No. 20-cv-3427, 2020 WL 2857158, at *4 (S.D.N.Y. June 1, 2020) (plaintiff's claims arose from Corporation Counsel's "litigation activities while representing the City of New York in . . . state-court civil actions"); *Johnson v. City of N.Y.*, No. 16-CV-2879, 2019 WL 2393716, at *4 (E.D.N.Y. June 6, 2019) (same); *O'Callaghan v. City of N.Y.*, No. 16-CV-1139, 2016 WL 7177509, at *11 (S.D.N.Y. Dec. 8, 2016) (same); *Bradley v. City of N.Y.*, No. 14-CV-4289, 2016 WL 1491017, at *2 (E.D.N.Y. Mar. 16, 2016) (same). The City Defendants have not made a strong showing of likely success on the merits.

*Third*, Plaintiffs will suffer irreparable injury if the Court grants a stay. Whereas in a suit for money damages, the plaintiff can always be made whole at some later time, the injury is irreparable where plaintiffs seek injunctive and declaratory relief to protect their constitutional rights. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Moreover, Plaintiffs' interest in the speedy resolution of their claims is properly a judicial concern as well. *See In re Worldcom. Inc. Sec. Litig.*, No. 2-CV-328, 2004 WL 802414, *5 (S.D.N.Y. Apr. 15, 2004) ("Federal courts have an interest in the efficient and speedy resolution of not just criminal but also civil litigation."); Fed. R. Civ. P. 1 (rules should be construed "to secure the just, speedy, and inexpensive determination of every action"). Plaintiffs seek injunctive relief to ensure that they are protected against future harassment for the exercise of their constitutional rights; that they are afforded the full extent of their rights as complainants as defined in N.Y.C.R.R. § 1240.2(e); and that they are granted access to any records and proceedings that may result from their grievance complaints. *See* First, Fourth and Fifth Counts for relief against City Defendants, Compl. ¶¶ 81–86, 96–107.

*Fourth*, the public interest weighs against a stay. "[T]he public interest disfavors the grant of a stay where it would hinder the speedy adjudication of constitutional claims." *Torres*, 2017 WL 11317906, at *3 (quoting *Verizon N.Y. Inc. v. Vill. of Westhampton Beach*, No. 11-CV-252, 2013 WL 5762926, at *9 (E.D.N.Y. Oct. 18, 2013)); *see also V.S. v. Muhammad*, No. 7-CV-1281, 2008 WL 5068877, at *3 (E.D.N.Y. Nov. 24, 2008) ("The public plainly has a strong interest in learning as soon as possible whether the plaintiffs' allegations are true.").

For the foregoing reasons, Plaintiffs respectfully request the Court deny City Defendants' application for a stay of discovery pending appeal.

Respectfully submitted,

Gregory Diskant

CC: All parties

13825307