USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/17/2022

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
CIVIL RIGHTS CORPS, ET AL.,        :
                                   :
              Plaintiffs,          :
                                   :    21 Civ. 9128 (VM)
     - against -                   :
                                   :    DECISION AND ORDER
GEORGIA PESTANA, ET AL.,           :
                                   :
              Defendants.          :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On November 4, 2021, Plaintiffs Cynthia Godsoe, Nicole Smith Futrell, Daniel Medwed, Justin Murray, Abbe Smith, and Steven Zeidman, (together the "Law Professors"), and non-profit organization Civil Rights Corps ("CRC," and with the Law Professors, "Plaintiffs") filed suit against Georgia Pestana ("Pestana"), Corporation Counsel of the City of New York ("Corporation Counsel"); Melinda Katz ("Katz"), Queens County District Attorney; Andrea Bonina ("Bonina"), Chair of the State of New York Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (the "Grievance Committee"); Justice Hector D. LaSalle ("LaSalle"), Presiding Justice of the Second Judicial Department of the Appellate Division of the Supreme Court of New York; and Diana Maxfield Kearse ("Kearse"), Chief Counsel of the Grievance Committee (together, "Defendants"). (See "Complaint," Dkt. No. 59).

1

Between December 20, 2021 and January 14, 2022, the Court received three letters, so-deemed by the Court as motions to dismiss, from different Defendants seeking dismissal of the Complaint: one by Pestana and Katz (the "City Defendants") (see "City Defendants' Motion to Dismiss," Dkt. No. 35), the second by Bonina and LaSalle (the "State Defendants") (see "State Defendants' Motion to Dismiss," Dkt. No. 41), and the third filed by Kearse. (See "Kearse's Motion to Dismiss," Dkt. No. 47.) On May 5, 2022, the Court denied the State Defendants' motion in full and denied the City Defendants' and Kearse's motions in part and reserved judgment in part. See Civil Rights Corps v. Pestana, No. 21 Civ. 9128, 2022 WL 1422852 (S.D.N.Y. May 5, 2022) ("CRC II").

While the motions to dismiss were pending, Plaintiffs moved for partial summary judgment. (See Dkt. No. 63.) On June 13, 2022, the Court granted the motion for partial summary judgment in part and denied the remaining issues pending from the motions to dismiss, including the motion to dismiss due to qualified immunity. See Civil Rights Corps v. Pestana, No. 21 Civ. 9128, 2022 WL 2118191 (S.D.N.Y. June 13, 2022) ("CRC III"). On July 13, 2022, the City Defendants filed a notice of interlocutory appeal. (See Dkt. No. 101.) Now before the Court is City Defendants' motion to stay proceedings pending the interlocutory appeal (see "Motion,"

Dkt. No. 108), and Defendants' opposition to the Motion. (See "Opposition," Dkt. No. 110.) City Defendants argue for a stay because they believe they will prevail on the issue of qualified immunity or absolute immunity on appeal, so they wish to spare themselves the burden, and potential harms, of discovery while that decision is pending. For the reasons below, the Motion is DENIED in part and GRANTED in part.

## I.   LEGAL STANDARD[1]

When a defendant is denied dismissal due to qualified immunity, they may immediately appeal that decision under the collateral order doctrine, in recognition that immunity doctrines protect against the burdens of litigation and discovery in addition to shielding a defendant from standing trial. See In re Facebook, Inc., 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014). Courts in this District assess four factors when deciding whether to grant a motion to stay discovery pending interlocutory appeal: whether (1) Defendants have shown a likelihood of success on appeal; (2) Defendants are likely to suffer irreparable harm; (3) the stay will or will not injure the other parties to the case; and (4) the stay is in the public interest. See Daniels v. City of New York, 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001).

---

[1] The Court assumes familiarity with the factual and procedural background recited in its prior orders in this matter.

3

Courts deciding a motion for a stay of discovery pending interlocutory appeal on the issue of immunity must be mindful that qualified immunity -- and absolute immunity -- protect only against suits for damages, not suits seeking injunctive or declaratory relief. See Edwards v. Horn, No. 10 Civ. 6194, 2012 WL 760172, at *21 (S.D.N.Y. Mar. 8, 2012) ("Qualified immunity provides a basis to preclude monetary damages, but not injunctive relief." (citing Morse v. Frederick, 551 U.S. 393, 432 (2007)); CRC II, 2022 WL 1422852, at *11 (explaining the limits of absolute individual immunity). That means a favorable appellate decision regarding immunity will not extinguish all of a plaintiff's claims for relief, or bar plaintiffs from moving forward with discovery and other litigation proceedings relating to remaining claims for equitable relief.

## II. DISCUSSION

In deciding whether to grant the stay, the Court must evaluate City Defendants' likelihood of success on appeal, the possibility of irreparable harm absent a stay, whether the stay will injure other parties to the suit, and the public interest. See Daniels, 138 F. Supp. 2d at 564. The Court will assess each of these factors in turn.

A.   <u>Likelihood of Success on Appeal</u>

City Defendants argue that they filed an interlocutory appeal because their motion to dismiss "raised important and novel legal issues." (Motion at 1.) First, they claim the Second Circuit's decision in <u>Kamasinski v. Judicial Review Council</u>, 44 F.3d 106 (2d Cir. 1994), which provided the basis for this Court's denial of qualified immunity, allows a state to prohibit "disclosing 'the fact that a complaint has been filed'" and that disclosure "is at issue here" rather than disclosure of the grievance complaints. (Motion at 2 (quoting <u>Kamasinski</u>, 44 F.3d at 111)). In short, City Defendants believe this Court misconstrued <u>Kamasinski</u>, so they are likely to prevail on appeal.

The Court finds that argument unpersuasive because it misstates the facts alleged in the Complaint, which the Court was bound to accept as true on a motion to dismiss. A review of the Complaint shows Plaintiffs filed suit because they alleged that the First Amendment protected their right to *publish their grievance complaints*, not to publicize the fact that their complaints had been filed. (<u>See, e.g.</u>, Complaint ¶ 85 ("The Law Professors have a First Amendment right to make complaints to the Grievance Committee, to publish these complaints . . ."); ¶ 93 ("Section 90(10) cannot constitutionally be applied to preclude the Professors from

5

publishing [] the 21 complaints they filed and any future complaints they may file[.]").) Even more importantly, City Defendants' correspondence -- the action at issue in the qualified immunity question -- shows the same, as Corporation Counsel wrote to the Grievance Committee stating "in direct contravention of this legal directive and long-established public policy, the complainant law professors *not only posted the complaints online, but designed a special website to host these and future grievance complaints*." ("Johnson Letter," Exh. 1, Complaint, Dkt. No. 59 (emphasis added).)

Because City Defendants' argument for their likelihood of success on appeal relies on a misstatement of the pleadings, the Court finds City Defendants have not established that they are likely to prevail on the qualified immunity appeal before the Second Circuit.

Further, City Defendants are unlikely to succeed on their claim of absolute immunity because that issue was never properly raised before this Court, and thus is not properly before the Second Circuit. See DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 822 (2d Cir. 1997) (noting the Court of Appeals ordinarily will not consider issues not raised before the district court). City Defendants argue that "while not addressed by this Court, the City has also asserted an absolute immunity defense" and the Court failed to address

6

that argument despite City Defendants "asserting an absolute immunity argument in their opposition to plaintiffs' summary judgment motion." (Motion at 3 & n.3.)

City Defendants' Motion to Dismiss never mentions absolute immunity, and Plaintiffs' motion for summary judgment was limited to one issue: the constitutionality of New York Judicial Law Section 90(10). The issue of absolute immunity was not relevant to that sole claim.[2] City Defendants did not move for summary judgment on absolute immunity, which would have been the proper procedural mechanism by which they could raise that defense at the summary judgment stage. See Stewart v. City of New York, No. 10 Civ. 5628, 2011 WL 1532007, at *2 (S.D.N.Y. Apr. 18, 2011) ("While an absolute immunity defense is most often raised on a motion for summary judgment, a defendant may raise the defense in a motion to dismiss, so long as the nature of the function performed by the defendant official is clear from the face of the complaint.")

---

[2] The Court did consider several jurisdictional defenses raised for the first time in opposition to the motion for summary judgment, but, as courts in this District and other districts, have noted, absolute immunity is an affirmative defense rather than a jurisdictional question. See Standard Inv. Chartered, Inc. v. NASD, 621 F. Supp. 2d 55, 66 (S.D.N.Y. 2007); see also Kumar v. George Wash. Univ., 174 F. Supp. 3d 172, 176 n.1 (D.D.C. 2016). That means City Defendants would have needed to raise it on their own motion and the Court was not obligated to resolve the question before deciding the motion for summary judgment.

The Court finds that City Defendants have not established a likelihood of success on appeal.

B.  <u>Irreparable Harm to City Defendants Absent a Stay</u>

City Defendants assert that allowing discovery to proceed would irreparably harm them by denying them of their right to qualified immunity and frustrating the policy reasoning behind qualified immunity. Plaintiffs counter that, even with a favorable qualified immunity decision, City Defendants would still need to litigate the claims for equitable relief. Due to common facts underlying the claims for monetary and equitable relief, discovery will heavily overlap. Thus, Plaintiffs claim, the discovery burden is the same regardless of the decision on appeal.

Courts in this Circuit have expressed skepticism that a party seeking a stay pending appeal will suffer irreparable harm where that party "'will be subject to discovery, including giving deposition testimony and providing documents' regardless of the relief sought[,]" <u>i.e.</u>, even where claims for equitable relief would proceed. <u>New York v. Dep't of Comm.</u>, 339 F. Supp. 3d 144, 149 (S.D.N.Y. 2018) (quoting <u>V.S. v. Muhammad</u>, No. 07 Civ. 1281, 2009 WL 936711, at *1 (E.D.N.Y. Apr. 3, 2009)). Because City Defendants will be subject to discovery relating to Plaintiffs' claims for equitable relief regardless of the outcome of the qualified-

immunity appeal, the Court finds City Defendants have not made a sufficient showing that they will suffer irreparable harm absent a stay of all discovery.

However, the Court is cognizant that "immunity means immunity" and City Defendants may be harmed by prematurely turning over sensitive material that relates solely to Plaintiffs' claims for monetary damages. In re Facebook, 42 F. Supp. 3d at 559. There may be significant overlap in the discovery required for the claims to which a qualified immunity defense do not apply (those for equitable relief) and the claims that could be precluded by qualified immunity (the claims for damages). However, there is a possibility that the claims for damages could require disclosure of documents that would not be required for the equitable claims. Thus, there is a chance that City Defendants may suffer some irreparable harm absent a stay of discovery related only to the qualified-immunity claims.

C. Injury to Other Parties to the Suit and the Public Interest

Finally, the Court turns to the final two factors, which are intimately related in cases like the one at hand, where Plaintiffs' alleged injury is one that impacts the public. The Court finds some merit in City Defendants' argument that any harm to Plaintiffs will be minimal, given that the Court

already granted partial relief. However, even if any injury Plaintiffs suffer may be minor, the Court finds that Plaintiffs and the public would be harmed by a delay in resolution of the dispute now before the Court. Plaintiffs and the public would both benefit from the timely adjudication of this matter, as it implicates the public's right to hold prosecutors accountable, Plaintiffs' First Amendment rights to free speech, and allegations of serious misconduct by government officials. Courts have been particularly cautious in staying discovery in cases like this, relating to government transparency and constitutional rights. See New York v. Dep't of Comm., 339 F. Supp. 3d at 150.

The Court finds that under the circumstances presented here a stay of all discovery is unwarranted, but it is premature to require City Defendants to turn over documents and provide testimony unrelated to the claims for equitable relief, if any such evidence exists. Other courts in this District have suggested a middle ground in cases alleging claims for both damages and equitable relief in which one party sought a stay of discovery pending interlocutory appeal: "discovery pending disposition of the qualified immunity defense should be tailored and restricted so that defendants and alleged incidents as to which the defense might prove meritorious are spared until the motion is decided."

Atkinson v. Goord, No. 01 Civ. 0761, 2002 WL 1997887, at *1 (S.D.N.Y. Aug. 28, 2002).

Having weighed the relevant considerations, the Court is persuaded that this middle ground is the most appropriate option here. The Court denies the motion for a stay of all discovery. However, the Court grants the requested stay as to any discovery that pertains *only* to the claims and issues that would be precluded if the City Defendants prevail on the qualified-immunity appeal. The Court will refer the matter to the Magistrate Court for all discovery disputes, including parsing those regarding whether or not the discovery sought relates solely to Plaintiffs' claims for equitable relief.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion for a stay of discovery filed by Defendants Georgia Pestana and Melinda Katz ("City Defendants") to stay all discovery pending interlocutory appeal (Dkt. No. 108) is **DENIED IN PART AND GRANTED IN PART**. The requested stay is granted as to any discovery that pertains only to the claims for relief that would be precluded by a favorable appellate decision on the issues of City Defendants' qualified and absolute immunity. The stay is denied as to all other discovery.

**SO ORDERED.**

Dated: New York, New York
      17 August 2022

_____
Victor Marrero
U.S.D.J.