# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------X

CIVIL RIGHTS CORPS, et al.,

                         Plaintiffs,                    21 **CIVIL** 9128 (VM)

        -against-                        **JUDGMENT**

HECTOR D. LASALLE, in his official capacity as
Chief Justice of the Second Judicial Department of
the Appellate Division of the Supreme Court of the
State of New York,

                         Defendant.

--------------------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in the Court's Decision and Order dated July 22, 2024, the motion for summary judgment (Dkt. No. 191) filed by Defendant Hector D. LaSalle ("Defendant") is DENIED; and it is further ORDERED that the motion for summary judgment (Dkt. No. 174) filed by Plaintiffs Civil Rights Corps, Cynthia Godsoe, Nicole Smith Futrell, Daniel S. Medwed, Justin Murray, Abbe Smith, and Steven Zeidman (together, "Plaintiffs") is GRANTED IN PART and DENIED IN PART; and it is further DECLARED that a presumptive First Amendment right of access attaches to (1) all disciplinary hearings in the Second Judicial Department of the Appellate Division of the Supreme Court of the State of New York (the "Second Department"), whether before Justices of the Second Department or a special referee, considering imposition of public discipline related to the twenty-one grievance complaints (the "Grievance Complaints") that Plaintiffs filed on May 3, 2021, and (2) documents necessary to understand those hearings, including court orders, motions and related submissions, documentary evidence, and docket sheets; and it is further DECLARED that a presumptive First Amendment Right of Access

applies to dispositions made by the Attorney Grievance Committee f or Second, Eleventh and

Thirteenth Judicial Districts (the "Committee") pursuant to 22 N. Y. C. R.R § 1240. 7 (d) (2)

related to the Grievance Complaints; and it is further DECLARED that Plaintiffs' access to the

proceedings and records referenced herein may not be restricted absent specific, on-the-record

findings by either the Committee or the Second Department, as appropriate, that (1) restrictions

serve higher values that would be prejudiced by disclosure; (2) restrictions on disclosure are no

more extensive than necessary to protect those higher values; and (3) that alternatives to

restriction have been considered and would not reasonably protect those higher values;

accordingly, the case is closed.

**Dated:**  New York, New York
            July 22, 2024

**DANIEL ORTIZ**

_____
**Acting Clerk of Court**

**BY:**   _____
          **Deputy Clerk**